378 So.2d 1281 (1979)
ROWE & MITCHELL and Shelby Mutual Ins. Co., Appellants and Cross-Appellees,
v.
Jimmie L. RODGERS, Appellee and Cross-Appellee, and
Board of County Commissioners, Sarasota County and Employers Service Corporation, Cross-Appellants and Appellees.
No. QQ-214.
District Court of Appeal of Florida, First District.
December 28, 1979.
As Modified on Denial of Rehearing January 23, 1980.
John J. O'Riorden, Sarasota, for appellants and cross-appellees Rowe & Mitchell and Shelby Mutual.
H. Guy Smith, Jr., Lakeland, for Rodgers.
Charles A. Zinn, Tampa, for cross-appellants and cross-appellees Sarasota County and Employers Service Corp.
ROBERT P. SMITH, Jr., Acting Chief Judge.
Two successive employers of claimant Rodgers, and the employers' carriers, appeal from an order of a judge of industrial claims on several issues pertaining to Rodgers' benefits payable under Chapter 440, Florida Statutes (1977). The case previously was pending before the Industrial Relations Commission and was transferred here pursuant to Chapter 79-312, Section 1, Florida Laws.
No reversible error of law appears in the order of the judge of industrial claims, and his findings of fact are supported by substantial competent evidence. One issue, raised by appellants Rowe & Mitchell and its carrier, requires brief discussion. They assert that Rowe & Mitchell, in whose employ Rodgers first sustained a compensable injury, before his Sarasota County employment in which he sustained another compensable injury, is not responsible for any portion of the psychiatric medical benefits which the judge of industrial claims ordered paid one-half by Rowe & Mitchell and one-half by Sarasota County. Rodgers' need for that medical treatment was attributed by the judge of industrial claims, by a finding we here sustain, to both industrial accidents. Nevertheless, Rowe & Mitchell and its carrier urge that Section 440.02(18), Florida Statutes (1977), forbids this apportioning of medical costs:
Where a preexisting disease or anomaly is accelerated or aggravated by accident arising out of and in the course of employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable with respect to permanent disability or death. Compensation for temporary disability and medical benefits provided by this chapter shall not be subject to apportionment under this subsection. (Emphasis added.)
The quoted statute governs issues between the employee and his employer/carrier. Disputes between carriers concerning "the obligations and duties of one or more employers", or between self-insured employers *1282 on the same subject, are governed rather by Section 440.42(3), which provides in part:
When there is any controversy as to which of two or more carriers is liable for the discharge of the obligations and duties of one or more employers with respect to a claim for compensation, remedial treatment or other benefits under this chapter, the judge of industrial claims shall have jurisdiction to adjudicate such controversy; and if ... it is finally determined that another carrier is liable for all or any part of such obligations and duties with respect to such claim, the carrier which has made payments either voluntarily or in compliance with a compensation order shall be entitled to reimbursement from the carrier finally determined liable, and the judge of industrial claims shall have jurisdiction to order such reimbursement... .
Thus the judge of industrial claims was empowered to apportion the medical costs awarded between the employers/carriers according to their responsibility. Section 440.02(18) previously Section 440.02(19), Florida Statutes (1973), was written and amended for another purpose entirely, to end apportionment of temporary disability and medical benefits from as between employee and employer/carrier. Shores Development, Inc. v. Carver, 164 So.2d 803 (Fla. 1964); Chapter 65-184, Florida Laws; Russell House Movers, Inc. v. Nolin, 210 So.2d 859 (Fla. 1968).
The order is AFFIRMED. Claimant is awarded, on account of his attorney's services on this appeal, fee money in the amount of $1,500.00, payable by appellants Rowe & Mitchell and Shelby Mutual.
ERVIN, J., concurs.
BOOTH, J., dissents with an opinion.
BOOTH, Judge, dissenting.
I dissent from this court's retention of jurisdiction in this case, which arose outside the territorial jurisdiction of the court. See Crews v. Town of Bay Harbor, 378 So.2d 1265, Case No. QQ-76, opinion filed December 27, 1979 (Fla. 1st DCA 1979).
On the merits, I would concur in the majority's opinion.