PER CURIAM.
Gulf American and Travelers appeal the Judge of Industrial Claim’s order that each *508 pay one-half the cost of additional remedial care, treatment and an evaluation at Shands Teaching Hospital in Gainesville for the appellee, employee Harvey. Harvey injured his back twice in his job; the first time, in March, 1976, Gulf American was the employer’s insurer and paid temporary total benefits until August, 1976 at stipulated rates; the second time, appellant Travelers was the employer’s insurer when Harvey injured his back in January, 1979. Harvey filed a worker’s compensation claim on February 1, 1979, listing both accidents, stating he had a low back injury and claiming temporary and permanent benefits and remedial care. The pretrial stipulation shows that Gulf American defended that Harvey reached maximum medical improvement on October 31, 1978, from the 1976 injury, sustaining no permanent injuries. Travelers defended that Harvey was not injured in January, 1979 and that his symptoms were only a continuation of the 1976 accident. The judge did not find maximum medical improvement dates, or whether Harvey had sustained permanent disability from either injury. He ordered the treatment and testing at Shands apparently in an attempt to resolve those problems.
We agree with Gulf American that the issue of maximum medical improvement from the 1976 accident was ripe for adjudication. Moreover, until Harvey has reached maximum medical improvement from the second accident, no apportionment of disability benefits is proper. Finally, the judge erred in dividing the medical costs, which are never apportiona-ble. Section 440.02(18), Florida Statutes (1977); Russell House Movers, Inc. v. Nolin, 210 So.2d 859, 862-63 (Fla. 1968): “[C]om-pensation for temporary disability and medical benefits are not apportionable . .” Accord, Jackson v. Nat Harrison Associates, 283 So.2d 27, 30 (Fla. 1973). In Russell House, the JIC apportioned temporary benefits and medical benefits, finding 50% of the claimant’s condition due to prior back injuries and 50% due to the back injury at issue. The Supreme Court stated:
When . . . there is competent, substantial evidence to support the Deputy’s finding that a claimant has suffered a compensable injury which is the producing cause of his temporary disability and need for medical care, such finding is determinative of claimant’s right to full compensation. After a claimant reaches maximum medical improvement it may then be appropriate to apportion the award for his residual permanent disability. 210 So.2d at 863.
On remand, we caution that Section 8, Chapter 78-300, 1978 Laws of Florida, is applicable to Harvey’s claim in the 1979 accident. That amendment, now in Section 440.25(3)(b), Florida Statutes (Supp. 1978), states that deputy commissioners may not “Make a finding of ... a disability for physical impairment that is greater than the greatest disability given . by any examining or treating physician, except upon stipulation of the parties.” We note that the only medical evidence before the judge regarding both claims was that of Doctor Mumby, who found no permanent disability from either accident, much less any basis for apportionment.
Reversed and remanded for proceedings consistent with this opinion.
ERVIN, LARRY G. SMITH and SHAW, JJ., concur.