404 So.2d 416 (1981)
Gerald NEFF, Employer and Maryland Casualty Company, Insurer, Appellants,
v.
George F. BRITTO, R.L. Schmeckpeper, Inc. and State Farm Fire and Casualty, Appellees.
No. YY-52.
District Court of Appeal of Florida, First District.
October 8, 1981.
T. Rankin Terry, Jr., of Terry, Adams & Corbin, Fort Myers, for appellants.
Samuel R. Neel, III, of Perkins & Collins, Tallahassee, for appellees.
SHIVERS, Judge.
Appellant Employer/Carrier appeal from a workers' compensation order finding that *417 they should be solely responsible for providing further medical treatment for claimant's psychiatric injuries. We affirm.
Claimant injured his head in a compensable industrial accident while working for appellant employer on October 25, 1977, which caused his current psychiatric problems. On May 8, 1979, claimant suffered another compensable industrial accident while working for the appellee employer, injuring his back. On October 15, 1980, the appealed order was entered, finding that claimant's psychiatric condition was not aggravated or accelerated as a result of the second accident and denying appellant employer/carrier's claim for reimbursement against appellee employer/carrier.
We first conclude there is competent, substantial evidence in the record to support the deputy commissioner's finding that the second accident did not accelerate or aggravate claimant's psychiatric condition which was caused by the first accident.
We also reject appellants' argument that it was unnecessary to show an increase or enhancement of claimant's condition in order to hold appellee employer/carrier liable for payment of future medical benefits. Appellants contend the deputy commissioner erred in finding them solely liable for the further medical care of the claimant's psychiatric condition since Section 440.02(18), Florida Statutes (1978) has done away with apportionment. Section 440.02(18) states that compensation for temporary disability and medical benefits shall not be subject to apportionment. Therefore, since the statute prohibits apportionment of medical benefits, appellants argue that appellee employer/carrier should be solely responsible for payment of all future medical benefits even in the absence of evidence that the second injury increased or enhanced claimant's psychiatric condition caused by the first accident because a second employer/carrier takes the claimant as they find him.
Contrary to appellants' arguments, Section 440.02(18) is not applicable to the present case. This statute governs disputes between a claimant and a single employer/carrier and does not apply to disputes between multiple employer/carriers. Seasons from Sarasota v. O'Day, 379 So.2d 1024 (Fla. 1st DCA 1980). Here, the dispute is between two employer/carriers as to each one's responsibility for payment of claimant's medical treatment of his psychiatric condition and Section 440.42(3), Florida Statutes (1977), is the relevant statute. Under Section 440.42(3), the deputy commissioner is empowered to apportion the medical benefits awarded between the employer/carriers according to each one's responsibility. Rowe and Mitchell v. Rodgers, 378 So.2d 1281 (Fla. 1st DCA 1980).
Therefore, since the record indicates that further medical treatment of claimant's psychiatric injury which was caused by the first accident is necessary and that the second accident did not accelerate or aggravate the psychiatric injury, the deputy commissioner was correct in requiring appellants to provide such treatment. The appealed order is AFFIRMED.
McCORD, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.