405 So.2d 289 (1981)
BELL RENTALS AND SALES and Travelers Insurance Company, Appellants,
v.
John HARVEY and Gulf American Fire & Casualty Company, Appellees.
No. YY-312.
District Court of Appeal of Florida, First District.
October 30, 1981.
*290 Robert G. Brightman, Orlando, for appellants.
Thomas R. Mooney of Meyers, Mooney & Adler, P.A.; Robert C. Barrett of Akerman, Senterfitt & Eidson, Orlando, for appellees.
MILLS, Judge.
This is the second appearance of this workers' compensation case here.
Bell and Travelers contend the deputy erred in failing to find that claimant reached maximum medical improvement after his second accident and in ordering them to provide further medical treatment. We disagree and affirm.
In his first order appealed here, Bell, et al. v. Harvey, 387 So.2d 507 (Fla. 1st DCA 1980), the deputy did not rule on maximum medical improvement following the second accident. Bell and Travelers did not urge this as error. They may not do this now. The deputy's initial order awarded remedial treatment. We affirmed this holding of the deputy. Bell and Travelers did not challenge the deputy's holding or our opinion. It may not do so now. Brevard Board of County Commissioners v. Caldwell, 379 So.2d 1031 (Fla. 1st DCA 1980).
In the prior Bell case, we held that medical costs are never apportionable between carriers. We recede from that opinion because before and after the prior Bell case we held that medical costs may be apportioned between carriers. This we reaffirm. Rowe and Mitchell v. Rodgers, 378 So.2d 1281 (Fla. 1st DCA 1979); The Seasons from Sarasota v. O'Day, 379 So.2d 1024 (Fla. 1st DCA 1980); and Neff, et al. v. Bretts, et al., 404 So.2d 416 (Fla. 1st DCA 1981).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and McCORD, ERVIN, BOOTH, LARRY G. SMITH, SHIVERS, SHAW, WENTWORTH, JOANOS and THOMPSON, JJ., concur.