417 So.2d 738 (1982)
U.S. ELECTRIC COMPANY and Liberty Mutual Insurance Company, Appellants,
v.
SISK ELECTRIC SERVICE, INC. and St. Paul Insurance Company, Appellees.
No. AI-291.
District Court of Appeal of Florida, First District.
July 14, 1982.
Rehearing Denied August 24, 1982.
*739 Anthony J. Beisler, III, of Anthony J. Beisler, P.A., Fort Lauderdale, for appellants.
Frank E. Maloney, Jr., of Frank E. Maloney, Jr., P.A., Macclenny, for appellees.
WIGGINTON, Justice.
Appellants, U.S. Electric Company and Liberty Mutual Insurance Company, appeal from a workers' compensation order in which they were directed to reimburse appellees, Sisk Electric Service, Inc. and St. Paul Insurance Company, for all benefits paid by that employer/carrier. We reverse.
The pertinent facts are that claimant sustained two compensable injuries, one while in the employ of U.S. Electric Company, and the other while in the employ of Sisk Electric Service, Inc. Regarding the first injury, Liberty Mutual compensated the claimant at the rate of $130.00 per week. Shortly thereafter, claimant began working for Sisk Electric Service, Inc., where he was injured a second time. St. Paul voluntarily compensated claimant, pursuant to Section 440.42, Florida Statutes, at the rate of $190.00 per week, based on claimant's higher average weekly wage, but sought reimbursement under that section against Liberty Mutual at the subsequent hearing brought by the claimant. At that hearing, although the deputy found the second injury compensable, he determined it to be merely an exacerbation of the first injury. Accordingly, the deputy ruled that appellants were solely responsible for the payment of "all benefits" due claimant and ordered reimbursement of those payments made by St. Paul under the provisions of Section 440.42(3). Appellants appealed that order and this Court affirmed.
Pursuant to the mandate, Liberty Mutual reimbursed St. Paul, but only at the rate of $130.00 per week as computed for the first accident. St. Paul subsequently filed a Motion to Determine Amount of Reimbursement and the deputy ruled that Liberty Mutual was required to reimburse St. Paul for the full amount of $190.00 per week. This appeal followed.
Appellants argue that the deputy's order imposes liability in excess of the statutory liability and that appellees' payments in excess of the statutory liability of appellant were gratuitous. We agree.
The deputy's order was premised on this Court's affirmance of his previous order but reflects his misinterpretation of that mandate. The previous order awarded reimbursement pursuant to Section 440.42(3). That section, however, does not require all benefits voluntarily paid by one carrier must be reimbursed to it by the other carrier. Rather, the carrier bearing primary responsibility must make reimbursement for only that amount of compensation it owes to the claimant. Any compensation exceeding that amount voluntarily paid to the claimant by the second carrier is merely a gratuity. Belam Florida Corporation v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981).
The determinative factor in placing liability under Section 440.42(3) is whether the second compensable accident causes injury which is independent from or an exacerbation of that from the first compensable accident. Section 440.42(3) thereafter allows the deputy to divide liability according to each carrier's responsibility. Seasons From Sarasota v. O'Day, 379 So.2d 1024 (Fla. 1st DCA 1980); Rowe & Mitchell v. Rodgers, 378 So.2d 1281 (Fla. 1st DCA 1980).
In the instant case, although the deputy found that the claimant sustained a compensable accident, he also specifically found that the second accident "did not result in any additional permanent disability, permanent aggravation, or any treatment related to said accident," and that appellants were solely responsible for payment of compensation. Accordingly, appellants were only responsible for compensation computed on the basis of the first injury, i.e. $130.00 weekly. That is the amount for which appellees are to be reimbursed.
*740 This cause is therefore reversed and remanded for recalculation in accordance with this opinion.
BOOTH and WENTWORTH, JJ., concur.