445 So.2d 385 (1984)
HAYWARD TRUCKING, INC., and Nationwide Insurance Company, Appellants,
v.
AETNA INSURANCE COMPANY and Clifford A. Joyner, Appellees.
No. AT-180.
District Court of Appeal of Florida, First District.
February 13, 1984.
*386 John P. Brooks of Jones & Langdon, Gainesville, for appellants.
Bruce R. Kaster of Green, Simmons, Green, Hightower & Gray, Ocala, for appellees.
THOMPSON, Judge.
Nationwide Insurance Company (Nationwide) and Hayward Trucking, Inc. (Hayward) appeal a workers' compensation order requiring Nationwide, inter alia, to reimburse appellee-Aetna Insurance Company (Aetna) for all benefits it paid to claimant subsequent to May 25, 1982, to institute temporary total disability (TTD) benefits to claimant as of January 31, 1983, and to provide claimant with appropriate medical benefits. We reverse.
Claimant, a driver and general maintenance man for Hayward, sustained a compensable back injury on September 15, 1981, while changing a tire. On September 17, 1981, claimant was seen by Dr. Koerner, an osteopath, who diagnosed "right shoulder bursitis, left sciatic neuritis, a lumbar strain" and the possibility of a herniated disc. Claimant returned to work for Hayward, although he said he was still having trouble with his leg. He continued driving a truck, but using the clutch particularly bothered him. He tried to stay away from changing tires and sweeping. Nationwide was Hayward's workers' compensation carrier at the time of this accident.
Claimant continued working for Hayward, with the exception of days which he occasionally missed because of back trouble, until May 24, 1982, when he experienced pain in his low back, hip, and leg while he and a co-worker were changing a tire. Aetna was Hayward's workers' compensation carrier in May 1982. Dr. Jones, an orthopedic surgeon who saw claimant following the second accident, stated in his deposition that "the second set of symptoms or the second incident or accident or whatever you want to call it, was simply a reinjury of a pre-existing old one."
After a claim for benefits was filed, Aetna took the position that claimant's back injury was the result of the September 15, 1981 accident, and that Nationwide was solely responsible to claimant for any benefits. Accordingly, Aetna sought reimbursement from Nationwide for benefits paid to claimant. Nationwide took the position that claimant's back injury was the result of the second accident and that Aetna was solely responsible for any benefits. The deputy commissioner (deputy) found that the May 24, 1982 "incident constituted, at most, a temporary aggravation of the [claimant's] pre-existing condition." The deputy further found that claimant was entitled to TTD from May 24, 1982 and continuing and that Aetna was entitled to reimbursement from Nationwide for benefits paid to or on claimant's behalf since September 9, 1982, the date Aetna informed Nationwide of its potential liability. However, we note that the decretal portion of the order requires Nationwide to reimburse Aetna for all benefits paid to and on claimant's behalf subsequent to May 25, 1982.
Under the circumstances Aetna, not Nationwide, is responsible for claimant's temporary disability and medical benefits subsequent *387 to the second accident. Following the first accident claimant was able to return to his former position, although he indicated he avoided sweeping and changing tires and that he experienced pain. Although he sought medical treatment for dehydration between the time he saw Dr. Koerner on September 17, 1981, and the time of the May 24, 1982 accident, it does not appear that claimant sought medical treatment for his back during this time. At the time of the hearing there was no indication that claimant had reached maximum medical improvement (MMI) from the second accident. Accordingly, the deputy erred in requiring Nationwide to reimburse Aetna for the temporary disability and medical benefits paid to claimant subsequent to the May 24, 1982 accident. Likewise the finding that Nationwide is responsible for claimant's attorney's fees and costs for obtaining TTD benefits and medical treatment is erroneous.
Once claimant attains MMI, the deputy may properly be requested to apportion any permanency claimant may have between Nationwide and Aetna, according to their respective responsibilities. The order appealed is REVERSED and REMANDED for proceedings consistent with this opinion.
SHIVERS and JOANOS, JJ., concur.