447 So.2d 979 (1984)
MIAMI-DADE WATER & SEWER AUTHORITY and Old Republic Insurance Company, Appellants,
v.
David LEECH and Division of Workers' Compensation, Appellees. and
CAROL CITY UTILITIES and Southeast Title and Insurance Company, Appellees/Cross-Appellants,
v.
David LEECH and Division of Workers' Compensation, Appellants/Cross-Appellees.
No. AS-76.
District Court of Appeal of Florida, First District.
March 19, 1984.
*980 John F. McMath, Miami, for appellants.
Alfred D. Bieley, Miami, for appellee David Leech.
Sally R. Doerner, of Walton, Lantaff, Schroeder & Carson, Miami, for appellee Carol City Utilities and Southeast Title & Ins. Co.
THOMPSON, Judge.
Miami-Dade Water & Sewer Authority and Old Republic Insurance Company (E/C # 2) appeal a workers' compensation order which found that claimant sustained a compensable injury on December 14, 1977, while employed by Carol City Utilities, whose carrier was Southeast Title and Insurance Company (E/C # 1), that claimant sustained a second compensable injury on April 6, 1978, while employed and covered by E/C # 2, and which ordered E/C # 2 to pay, inter alia, temporary total disability (TTD) benefits arising out of both accidents, and certain medical expenses. E/C # 2 argue that the deputy commissioner (deputy) erred in ordering them to pay all TTD benefits, medical bills, costs, and attorney's fees, erred in awarding TTD benefits from April 6, 1978, through April 24, 1978, erred in impliedly finding that the condition requiring knee surgery was causally related to the April 6, 1978 injury, and erred in awarding further remedial medical treatment in the Houston, Texas area. E/C # 1 argue on cross-appeal that the deputy erred in admitting the post-hearing deposition of Dr. Barry. We reverse in part and affirm in part as to the points raised by E/C # 2 and we affirm the point raised on cross-appeal by E/C # 1.
Claimant sustained a compensable injury to his right knee on December 14, 1977, and was released to return to work by Dr. Rohan on December 28, 1977. E/C # 1 paid claimant's salary during this period when he was unable to work as a result of the accident. Upon return to work, claimant *981 performed the same duties as he had performed prior to the accident. When appellee-Carol City Utilities was subsequently taken over by appellant-Miami Dade Water & Sewer Authority, claimant continued to perform the same duties for the latter as he had for the former. Claimant subsequently sustained a second compensable injury to his right knee on April 6, 1978 and was again released to return to work by Dr. Rohan on April 24, 1978. E/C # 2 paid claimant's salary during this period when he was unable to work as a result of this accident. In June 1978 claimant resigned to go to college. However, instead of going to college claimant subsequently worked on an off-shore barge as an orderly, an oiler, and subsequently as a "roughneck" and a "roustabout" until December 1979. Claimant's right knee was operated on in November 1980 by Dr. Rohan and again in August 1981 by Dr. Barry.
The deputy ordered E/C # 2 to pay claimant TTD benefits for the following periods: from December 14, 1977, to December 28, 1977; from April 6, 1978, through April 24, 1978; from November 20, 1980, through December 31, 1980; from August 6, 1981, through October 28, 1981; "and to date and continue payment of same until such time as the Claimant reaches maximum medical improvement or returns to work without further loss of salary." E/C # 2 were also ordered to pay the medical bills of Dr. Barry and Palmetto General Hospital and to furnish claimant with further remedial care in the Houston, Texas area.
The deputy erred in ordering E/C # 2 to pay TTD benefits for the period from December 14, 1977, to December 28, 1977, because E/C # 2 were not the employer/carrier at the time of the December 14, 1977 accident. Accordingly, there is no basis for imposing liability on E/C # 2 for TTD benefits during this two-week period. Although any TTD benefits due for the period from December 14, 1977, to December 28, 1977, are the responsibility of E/C # 1, it does not appear that any such benefits are due for this period because E/C # 1 paid claimant's salary during this time.
The deputy erred in ordering E/C # 2 to pay TTD benefits for the period from April 6, 1978, through April 24, 1978, because E/C # 2 paid claimant's salary during this time. E/C # 2's argument that the deputy should have found E/C # 1 and E/C # 2 equally responsible for the medical bills and temporary compensation benefits is not persuasive because claimant successfully resumed his former duties following the December 14, 1977 accident. See Hayward Trucking, Inc. v. Aetna Insurance Co., 445 So.2d 385 (Fla. 1st DCA 1984). The award of TTD benefits from November 20, 1980, through December 31, 1980, and the award of TTD benefits from August 6, 1981, through October 28, 1981, are affirmed because there is competent substantial evidence that the condition requiring knee surgery was causally related to the April 6, 1978 injury. Similarly, the award of the medical bills is affirmed. However, the deputy erred in awarding TTD benefits "until such time as the Claimant reaches maximum medical improvement or returns to work without further loss of salary." The capacity to return to work is the critical factor in the award of TTD benefits. See Willard Kaufman Co. v. Rawlings, 414 So.2d 641 (Fla. 1st DCA 1982). Accordingly, this language is amended to award TTD "until such time as claimant reaches maximum medical improvement or is able to return to work, whichever occurs first."
The deputy did not err in ordering E/C # 2 to furnish claimant with further remedial care in the Houston area, the area in which claimant was living during at least a portion of these proceedings. Since the deputy found that claimant had not reached MMI, claimant is entitled to remedial treatment at the expense of E/C # 2, regardless of whether the deputy specifically awarded same. Accordingly, this award was not error.
Although it was error to admit Dr. Barry's post-hearing deposition, such error was harmless under the circumstances. *982 The location of the post-hearing deposition of Dr. Barry was changed on the day it was to be taken. The attorney for E/C # 1 was apparently not informed of this location change until he arrived at the place originally designated for the taking of the deposition. Although the attorney for E/C # 1 allegedly requested a delay in the deposition until he could drive to the new location, the deposition was completed by the time he arrived at the new location. Accordingly, the deputy erred in admitting this deposition. See Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117 (Fla. 1st DCA 1981). However, such error was harmless because Dr. Barry's deposition testimony was not used as a basis for finding E/C # 1 liable for any compensation benefits.
The awards of TTD benefits from December 14, 1977, to December 28, 1977, and from April 6, 1978, through April 24, 1978, are reversed. The awards of TTD benefits from November 20, 1980, through December 31, 1980, and from August 6, 1981, through October 28, 1981, are affirmed. Likewise, the award of the medical bills of Dr. Barry and of Palmetto General Hospital are affirmed. The language in the decretal portion of the order awarding TTD benefits "until such time as the Claimant reaches maximum medical improvement or returns to work without further loss of salary" is stricken and is amended to read "until such time as claimant reaches maximum medical improvement or is able to return to work, whichever occurs first." Once claimant reaches MMI, the deputy may properly be requested to apportion responsibility for permanent compensation benefits, if any, between E/C # 1 and E/C # 2. The admission of Dr. Barry's post-hearing deposition is affirmed on the basis of harmless error. The order is REVERSED in part, AFFIRMED in part, and REMANDED to the deputy for proceedings consistent with this opinion.
SHIVERS and JOANOS, JJ., concur.