SMITH, Judge.
Appellants W.W. Trucking Company and RTC Transportation, Inc. (RTC) raise two issues in this appeal: First, whether the deputy commissioner erred in finding that appellee/cross-appellant Boyd (Boyd) suff-fered a potentially compensable accident in February or March 1982, and second, whether the deputy commissioner erred in ordering RTC to reimburse appellee Carriers Insurance Company (Carriers) for benefits paid by Carriers to Boyd for a subsequent industrial accident. On cross-appeal, Boyd contends that the deputy commissioner erred in failing to excuse him from the formal notice requirement of Section 440.-185, Florida Statutes (1981), regarding *122 Boyd’s first accident. We affirm as to the appellant’s first issue and as to the cross-appeal, but reverse as to the appellant’s second issue.
Boyd filed two claims for benefits in this cause. The first was filed October 28, 1982, and was based on an accident to his left knee which occurred July 16, 1982. Carriers was the carrier on risk at the time of this accident. This claim was acknowledged by both W.W. Trucking and Carriers, and hence is not contested in this appeal. Boyd filed a second claim March 8, 1983, based upon an alleged injury to his right knee which happened sometime in February or March 1982. RTC was the carrier on risk during the time of this purported accident.
Boyd first noticed pain in his right knee sometime in February or March 1982. His job duties at this time involved fueling trucks, hooking and unhooking trailers, transferring freight, and “spotting” trailers, requiring him to climb in and out of truck cabs and trailers continuously. Climbing in and out of truck cabs required a peculiar bending and twisting motion. Boyd sought medical attention for his right knee from Dr. Arain, who examined Boyd on March 11, 1982. Boyd subsequently underwent surgery on his right knee, returning to work for W.W. Trucking sometime later and performing more or less the same duties he had performed prior to the surgery. Boyd did not inform W.W. Trucking that the injury to his knee was work-related, although he did make a claim for group insurance coverage benefits from W.W. Trucking and apparently did inform his treating physician, Dr. Arain, that his knee problems were work-related. Boyd did, however, inform W.W. Trucking that the July 16, 1982, accident to his left knee was work-related.
At the conclusion of the testimony at the hearing below, the deputy commissioner ruled that there was a lack of statutory notice by Boyd to the employer/carrier for the February-March 1982 accident, even though the accident was otherwise compen-sable. However, the deputy commissioner further found a medical merger between the two accidents, and determined that it would be inequitable to require Carriers to make payments for treatment of Boyd's injured right knee. Hence, the deputy commissioner apportioned the medical expenses incurred, both past and in the future, between RTC and Carriers. This appeal followed.
After examining the record on appeal and the briefs filed in this cause, we affirm the deputy commissioner’s finding that Boyd’s March 1982 accident arose out of the course of his employment. See Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980), rev. den. mem., 388 So.2d 1119 (Fla.1980). We also affirm that portion of the order finding that the above-mentioned accident is not compensable because of a lack of formal notice by Boyd to the employer/carrier at risk at the time. Overholser Construction v. Porter, 173 So.2d 697 (Fla.1964); Cf. City of Tampa v. Tingler, 397 So.2d 315 (Fla. 1st DCA 1981). However, we hold that the deputy commissioner erred in finding Carriers entitled to reimbursement from RTC for medical expenses incurred in treatment of Boyd’s right knee subsequent to the July 16, 1982 compensable accident. We have been furnished no authority, nor has our independent research uncovered any, justifying reimbursement in these circumstances. Cf., Hayward Trucking, Inc. v. Aetna Insurance Company, 445 So.2d 385 (Fla. 1st DCA 1984), where the claimant’s first injury was compensable, and hence reimbursable between carriers. See also Miami-Dade Water and Sewer Authority, et al. v. Leech, 447 So.2d 979 (Fla. 1st DCA 1984) (same). Section 440.32(3), Florida Statutes (1981), by its terms requires that the first accident of two or more accidents creating a potential for reimbursement must be compensable in order to trigger liability between carriers. U.S. Electric Company v. Sisk Electric Service, Inc., 417 So.2d 738 (Fla. 1st DCA 1982).
Accordingly, this cause is remanded to the deputy to strike from the order here examined the requirement that RTC reim *123 burse Carriers for medical expenses incurred in treating Boyd’s right knee. In all other respects, the order appealed from is AFFIRMED.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
BOOTH and THOMPSON, JJ„ concur.