466 So.2d 437 (1985)
HAYWARD TRUCKING, Inc., and Nationwide Insurance Company, Appellants,
v.
AETNA Insurance Company, and Clifford A. Joyner, Appellee.
No. AZ-117.
District Court of Appeal of Florida, First District.
April 9, 1985.
*438 Jack A. Langdon, P.A., Gainesville, for appellants.
Bruce R. Kaster of Green, Simmons, Green, Hightower & Gray, P.A., Ocala, for appellee.
MILLS, Judge.
This appeal and cross appeal arise from a continuing dispute between workers' compensation insurance carriers over benefits liability. We affirm.
Nationwide Insurance Company (Nationwide) was the employer's carrier on 15 September 1981 when the claimant, Joyner, injured his back in an industrial accident. Aetna Insurance Company (Aetna) was the carrier on 24 May 1982 when Joyner had a second industrial accident.
In Hayward Trucking, Inc. v. Aetna Insurance Co., 445 So.2d 385 (Fla. 1st DCA 1984), this Court reversed the deputy's finding that Nationwide was responsible for temporary total disability and medical benefits following the second accident. The Court found Aetna responsible.
Following that appeal, Joyner contended he reached maximum medical improvement (MMI) on 17 June 1983 with a 15% permanent impairment of the body as a whole. He sought wage loss benefits from that date, attorney's fees, and continuing medical benefits.
Aetna contended any permanent impairment was caused entirely by the 1981 accident and it was not responsible for benefits after 22 June 1982, the date it contended Joyner fully recovered from all effects of the 1982 accident. Alternatively, Aetna disclaimed responsibility for benefits due after 17 June 1983.
Nationwide countered that Joyner had not yet reached MMI and Aetna remained responsible for temporary disability and medical benefits. Nationwide also contended that, upon MMI, any benefits due are the result of the 1982 accident and therefore Aetna's responsibility.
Dr. Jones, an orthopedic surgeon who treated Joyner regularly after the second accident, was deposed in April 1984. He opined Joyner reached MMI on 17 June 1983 with a 15% permanent impairment of the body as a whole, the cause of the disability being a bulging disc. In his earlier *439 depositions, Jones had refused to apportion disability between the 1981 and 1982 accidents. He did, however, testify that the 1982 accident was "simply a reinjury" and that the 1981 accident caused the primary injury to the disc. He testified that injured discs sometimes would not bulge for periods of six months up to two years.
In a 1983 deposition, Dr. Koerner, an osteopath, testified he suspected a disc problem when he examined Joyner after the 1981 accident.
In the order here appealed, the deputy found Joyner reached MMI on 17 June 1983 with a 15% permanent impairment of the body as a whole as a result of the 1981 accident. He found Joyner entitled to wage loss and medical benefits at Nationwide's expense from MMI and ordered Nationwide to reimburse Aetna for benefits paid by Aetna after MMI. He ordered Nationwide to pay Joyner's attorney's fees.
Nationwide argues apportionment is barred by Section 440.15(5)(a), Florida Statutes (1981). Consequently, it contends, Aetna's liability for temporary disability and medical benefits prior to MMI necessarily established Aetna's liability for benefits following MMI.
Although Section 440.15(5)(a) bars apportionment of temporary disability, medical, and wage loss benefits between a claimant and an employer/carrier, it does not apply to liability disputes between carriers. See, Rowe & Mitchell v. Rodgers, 378 So.2d 1281 (Fla. 1st DCA 1979) (construing Section 440.02(18), Florida Statutes (1977), similarly). Section 440.42(3), Florida Statutes (1981), authorizes the deputy to adjudicate inter-carrier liability disputes and, if necessary, to order one carrier to reimburse another.
Moreover, in the opinion resulting from the appeal of the prior order, this Court stated: "Once claimant attains MMI, the deputy may properly be requested to apportion any permanency claimant may have between Nationwide and Aetna, according to their respective responsibilities." Hayward Trucking, Inc., supra.
Thus, we find no error in the award. The testimony of Doctors Jones and Koerner is competent substantial evidence from which the deputy could find Joyner's permanent disability attributable solely to the 1981 accident.
Because Nationwide is responsible for benefits following MMI, the attorney's fee award is not erroneous.
The cross appeal is without merit.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.