479 So.2d 828 (1985)
FLAGSHIP NATIONAL BANK OF BROWARD COUNTY and Peninsular Fire Insurance Co., Appellants,
v.
Susan HINKLE, Sun Bank of Broward County, and Liberty Mutual Insurance Co., Appellees.
No. BD-109.
District Court of Appeal of Florida, First District.
December 13, 1985.
*829 Richard & Pemsler, Miami, for appellants.
Patrick J. Malone of Beisler & Beisler, West Palm Beach, for appellees.
ZEHMER, Judge.
The issue in this workers' compensation case is whether the deputy commissioner erred in apportioning medical benefits between the carrier when claimant's first industrial accident occurred and the carrier at the time of claimant's second industrial accident. Finding no error, we affirm.
On March 1, 1983, claimant was employed by Flagship National Bank of Broward County (Flagship). While on the job she slipped and fell, injuring her right knee. She missed five days of work and received conservative treatment from Dr. Hammerman. In September 1983 claimant sustained a nonindustrial accident when she slipped and fell on her right knee at a convenience store. She received medical treatment from Dr. Beinhaker and gave him a history of being injured in March 1983 and having periodic problems with her knee since that time. She lost no time from work as a result of this noncompensable accident and was discharged by Dr. Beinhaker on December 6, 1983, with her condition described as "improved."
On March 1, 1984, claimant tripped and fell on her right knee while employed by Sun Bank of Broward County (Sun Bank). Claimant was treated by Dr. Beinhaker, who recommended that she not return to work and that she have arthroscopic surgery on the knee.
A claim for temporary total disability benefits and medical benefits was filed by claimant against Flagship and its carrier and Sun Bank and its carrier. At the final hearing, claimant testified that since her injury on March 1, 1983, she has had periodic problems with her right knee, including swelling and locking of the knee. Claimant also testified that her condition following her March 1, 1984, accident was significantly worse than it had been prior to such accident. The medical testimony contained in the record is conflicting as to whether claimant was symptomatic between her March 1983 and March 1984 accidents.
The deputy entered a final order finding that claimant suffered a compensable accident on March 1, 1984, and that as a result of that accident she was temporarily totally disabled. The deputy required Sun Bank and its carrier to pay temporary total disability benefits to claimant commencing March 1, 1984. Sun Bank has not appealed this portion of the deputy's order, and we are presented no issue regarding responsibility for temporary total disability benefits. The deputy found that claimant was entitled to medical treatment for her condition and that, based upon the medical evidence and claimants' testimony, the responsibility for medical treatment would be equally divided between Flagship and Sun Bank and their respective carriers because claimant's present condition was caused by a combination of her original accident and her subsequent compensable accident.
Flagship appeals the final order and urges reversal, citing Hayward Trucking, Inc. v. Aetna Insurance Co., 445 So.2d 385 (Fla. 1st DCA 1984), and Structural Systems, Inc. v. Worthen, 463 So.2d 502 (Fla. *830 1st DCA 1985), for the proposition that the deputy is prohibited by section 440.15(5)(a), Florida Statutes (1983), from apportioning medical benefits between the two employers and their carriers.
Numerous decisions of this court construing sections 440.02(18) and 440.42(3) of the workers' compensation statutes as they existed prior to the 1979 amendments have held that a deputy is authorized to apportion medical benefits between carriers. Rowe & Mitchell v. Rodgers, 378 So.2d 1281 (Fla. 1st DCA 1980); The Seasons from Sarasota v. O'Day, 379 So.2d 1024 (Fla. 1st DCA 1980); Neff v. Britto, 404 So.2d 416 (Fla. 1st DCA 1981); Bell Rentals & Sales v. Harvey, 405 So.2d 289 (Fla. 1st DCA 1981). Prior to 1979, section 440.02(18), defining "accident," provided in part that compensation for temporary disability and medical benefits was not subject to apportionment.[1] The 1979 amendments moved the language prohibiting apportionment to section 440.15(5)(a), Florida Statutes (1983).[2] Prior to 1979 section 440.42(3), Florida Statutes (1977), provided that the deputy commissioner had jurisdiction to determine disputes between carriers concerning the proper allocation of disability and medical benefits. This provision remained intact following the 1979 amendments. Each of the above cases construed this statutory language to mean that the prohibition against apportionment in section 440.02(18) was limited to disputes between an employee and his employer and carrier and that in situations involving a dispute between two carriers the deputy was empowered by section 440.42(3) to apportion benefits between the carriers according to each one's responsibility. E.g., Neff v. Britto, 404 So.2d at 417.
Appellant's reliance on Hayward Trucking, Inc. v. Aetna Insurance Co., 445 So.2d 385, and Structural Systems, Inc. v. Worthen, 463 So.2d 502, is misplaced. The Hayward decision involved review of temporary disability benefits; and when the case was again before us for review of the deputy's order apportioning compensation benefits after claimant reached maximum medical improvement, we affirmed such apportionment on authority of the construction of the statutory language in Rowe & Mitchell v. Rodgers, 378 So.2d 1281, and thereby reaffirmed that the 1979 amendments contained no language which changed the prior law. Hayward Trucking, Inc. v. Aetna Insurance Co., 466 So.2d 437 (Fla. 1st DCA 1985).
The Structural Systems case involved unusual circumstances, including a washout agreement that released the carrier having coverage of the second accident, which are different from this case. We recognize that the opinion contains language to the effect that the 1979 amendments made changes which prohibit apportionment between carriers. We do not consider that entire discussion to have been essential to the result reached.
*831 Accordingly, we hold that the 1979 amendments transferring the statutory language prohibiting apportionment from section 440.02(18) to section 440.15(5) did not alter the prior substantive law with respect to the authority of a deputy commissioner to apportion medical benefits between carriers under section 440.42(3), and that the statutory provisions as construed in Rowe & Mitchell v. Rodgers, 378 So.2d 1281, The Seasons from Sarasota v. O'Day, 379 So.2d 1024, Neff v. Britto, 404 So.2d 416, Bell Rentals & Sales v. Harvey, 405 So.2d 289, and Hayward Trucking, Inc. v. Aetna Insurance Co., 466 So.2d 437, authorize the deputy to apportion medical benefits between carriers upon appropriate findings of fact. It is not our province or intention to pass on the wisdom of prohibiting or requiring apportionment of benefits between carriers. Our duty is to construe the statutory language in a consistent manner based upon discerned statutory intent. Since the pertinent statutory language has not been changed, any change to this apportionment doctrine should be made by legislative amendment of the statutory language rather than by judicial reinterpretation of the same statutory language.
In the present case, the deputy determined that claimant's condition after her March 1984 accident was caused by her original compensable accident combined with her March 1984 accident. The deputy, therefore, required Flagship and its carrier to pay fifty percent of the benefits and Sun Bank and its carrier to pay the other fifty percent of the benefits. The record contains competent, substantial evidence to support this finding and award.
AFFIRMED.
NIMMONS, J., concurs.
WENTWORTH, J., concurs with written opinion.
WENTWORTH, Judge, concurring.
I agree with the majority opinion, including its assessment of the Structural Systems decision as one which need not rest on any legislative change in the substance of apportionment law. But I would note that, in other contexts, judicial reconsideration of prior judicial construction of statutes may be dictated by many factors other than statutory amendment.
NOTES
[1] Section 440.02(18), Florida Statutes (1977), reads:

`Accident' means only an unexpected or unusual event or result, happening suddenly. A mental or nervous injury due to fright or excitement only or disability or death due to the accidental acceleration or aggravation of a venereal disease or of a disease due to the habitual use of alcohol or narcotic drugs, shall be deemed not to be an injury by accident arising out of the employment. Where a preexisting disease or anomaly is accelerated or aggravated by accident arising out of and in the course of employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable with respect to permanent disability or death. Compensation for temporary disability and medical benefits provided by this chapter shall not be subject to apportionment under this subsection.
[2] Section 440.15, Florida Statutes (1983), deals only with the right of "compensation for disability" by the employee. Medical benefits are provided for in section 440.13. Section 440.15(5)(a) reads:

The fact that an employee has suffered previous disability, impairment, anomaly, or disease, or received compensation therefor, shall not preclude him from benefits for a subsequent injury nor preclude benefits for death resulting therefrom. Compensation for temporary disability, medical benefits, and wage-loss benefits shall not be subject to apportionment.