JOANOS, Judge.
The appeals and cross-appeals in BD-487 and BD-488 involve a number of issues including whether the deputy commissioner erred in finding claimant permanently and totally disabled; finding that Fiber Form/FIGA must pay for treatment of claimant’s hypertensive disease; finding a causal relationship between the hypertensive disease and the first accident; directing Fibercon/Traveler’s to pay compensation for half the PTD at a rate of $56/week and to pay for half of claimant’s psychiatric care. Case BG-310 involves a subsequent order involving reimbursement between carriers, and the issues on appeal and cross appeal are whether the deputy commissioner had jurisdiction to enter the order, given the appeals pending on the previous order in BD-487 and BD-488, and whether the deputy erred in determining the amount of reimbursement. The latter issue was basically a reiteration of Fibercon/Traveler’s cross-appeal in BD-487 and BD-488.
This litigation, the result of injuries sustained by claimant in 1976 to the cervical spine and 1979 to the lumbar spine, each of which was found to require surgery, (cervical surgery to be performed first, followed by lumbar surgery if appropriate) has been the subject of two previous appeals which resulted in affirmance of the deputy commissioner’s orders. The appellant and cross-appellants now contend that the deputy commissioner erred in the most recent order, that of November 14, 1984. There deputy commissioner Johnson found: on remand from AF-495, deputy commissioner Branham (who had entered the previous orders of January 28, 1980 and July 24, 1981) heard the issues, but died before entering his order; FIGA demanded a trial de novo and the issues were retried; initially neither surgery was performed because each carrier contended it was the other’s responsibility; during the contest between the carriers claimant incurred malignant hypertensive disease causing such extreme high blood pressure that he could not have corrective surgery; claimant still suffers from hypertensive disease which either preexisted both accidents and was materially aggravated when both carriers refused to provide surgery or developed after the industrial accidents by carriers’ refusal to provide surgery; the ultimate result of the failure to provide surgery when it could have been safely provided is a material increase in disability; orthopedically, Claimant has a 20% PPD of the body as a whole, 10% related to each accident; neurologically, due to the hypertension, claimant has another 50-75% PPD not due to the accidents themselves, but to the carriers’ failure to provide corrective surgery; due to the combined disabilities, claimant is PTD; the joint refusal of the carriers has *568 obliterated claimant’s chance to return to gainful employment; claimant had not reached MMI from the 1976 accident when he developed the hypertension; claimant reached MMI from hypertensive disease on December 13, 1982, and has been PTD since then; psychiatrist Dr. Daruna testified that due to the accidents claimant needs psychiatric care. The deputy commissioner ordered the two carriers to jointly provide psychiatric care; each carrier to pay half of PTD at $56/week each; FIGA to pay for care of the hypertensive condition since it was the carrier on the risk as of the last accident and the condition resulted from joint delay. In the order entered April 19, 1985, the deputy basically ordered FIGA to reimburse Travelers in accordance with the order of November 14, 1984.
The findings in the orders are supported by competent substantial evidence, therefor we affirm. With regard to appellant’s argument that the deputy erred in ordering FIGA to pay for care of claimant’s hypertension, we find no error. In a previous order, deputy commissioner Bran-ham ordered appellant FIGA to pay for that care until claimant entered the hospital for cervical surgery. That contingency never occurred, thus the obligation to pay for the hypertension remained with appellants and they did not meet their burden of proving that some or all of that responsibility should be shifted to Travelers.[1] Because of the lack of an evidentiary basis upon which to apportion responsibility[2] or shift it to Travelers completely, we affirm the order that FIGA is to pay for medical care for the hypertensive condition.
We also note that appellee has basically conceded an error in ordering Travelers to pay $56/week representing half the PTD compensation when the maximum compensation rate at the time of the 1976 accident was $80, half of which would be $40. The orders are modified to reflect this.
We find no error in the deputy’s entry of the April, 1985 order. Florida Workers’ Compensation Rule 4.200(b)(3) provides:
Pending appeal the deputy shall retain jurisdiction to enter orders on all matters of the claim which have not been appealed.
AFFIRMED as modified.
WENTWORTH and THOMPSON, JJ., concur.

. In appellant’s statement of the facts they refer to Dr. Albanes testimony that responsibility for the hypertensive condition should be shared 50/50. Dr. Albanes said:
Q. Now, with regard — I don’t want to get you outside your held, but can you express an opinion, Doctor, in your considered opinion, as to, not the etiology of the condition, but can you apportion this hypertensive condition in light of your prior testimony as between the two accidents that you have knowledge of?
A. No, sir, I cannot do an apportion. I expressed the opinion that both accidents have occurred with some time in between and that the emotional stress that the patient have been experienced through all this time is the result of his accident, inability to continue to perform a normal living and working activities.
MR. GLADSON: I’m sorry; did you say the result of these accidents or this accident?
THE WITNESS: Accident, both. I, again, I did like King Solomon, I cannot attribute the hypertension to either the first or the second. I will say, attribute the hypertension to both of the, in which case, 50/50.
This equivocal statement would not provide competent substantial evidence for such an apportionment even if we were to remand for an apportionment based on the existing record.

. Medical costs are apportionable as between carriers, Flagship National Bank v. Hinkle, 479 So.2d 828 (Fla. 1st DCA 1985); Bell Rentals and Sales v. Harvey, 405 So.2d 289 (Fla. 1st DCA 1981); Rowe & Mitchell v. Rodgers, 378 So.2d 1281 (Fla. 1st DCA 1979).