BARFIELD, Judge.
Appellants assert that section 440.15(5), Florida Statutes (1979), as interpreted by this court in Structural Systems, Inc. v. Worthen, 463 So.2d 502 (Fla. 1st DCA 1985), bars apportionment of temporary disability and medical benefits between two carriers. This court has construed the statutory language otherwise, most recently in Flagship National Bank of Broward County v. Hinkle, 479 So.2d 828 (Fla. 1st DCA 1985).
In Structural Systems, the court noted with apparent disapproval the possibility of the claimant engineering a windfall by reaching a washout settlement with the carrier at risk at the time of the second accident and then proceeding successfully against the carrier at risk at the time of the prior compensable accident. We construe section 440.15(5) to require the carrier at risk at the time of the accident to either controvert the claim as noncompensable or to pay all temporary disability and medical benefits due before MMI. Section 440.-42(3) then permits the carrier paying such benefits (either voluntarily or in compliance with a deputy commissioner’s order) to seek reimbursement from another carrier found to be liable for all or part of the benefits paid. Under this statutory construction, the claimant in Structural was entitled to receive no more than his settlement with the second carrier, who would then be entitled to seek reimbursement from the first carrier if the deputy were to find the latter was liable for the benefits paid by the former. This construction supports the disposition in Structural Systems and is consistent with this court’s statutory construction in Flagship and in the cases upon which it relies.
Structural Systems contains language to the effect that the 1979 amendments made changes which prohibit apportionment between carriers. This language is erroneous and totally unnecessary to the result reached in Structural Systems, and should be disregarded.
The deputy commissioner’s order, finding that section 440.15(5) does not bar apportionment of benefits in liability disputes between two carriers, is AFFIRMED.
NIMMONS and ZEHMER, JJ., concur.