THOMPSON, Judge.
The employer/carrier (E/C) at the time of claimant’s third compensable accident appeal a workers’ compensation order which dismisses the E/Cs at the time of claimant’s first two accidents and holds appellant solely responsible for the benefits due claimant. We reverse.
Claimant worked as a rider at various Marion County horse farms. At the time of his first accident he was employed by appellee Tartan Farms. The horse he was riding stumbled and fell and claimant suffered a fractured dislocation of his left ankle. Approximately one year later, while working for appellee Newport Industries, claimant fractured his shoulder. His third injury occurred while he was working for appellant Oaks Farm and he was thrown, breaking his wrist. The medical testimony established that claimant had reached maximum medical improvement from each injury with varying degrees of impairment. It also established that he could not return to riding and was in need of rehabilitation or retraining. Both claimant and his treating physician testified that all three injuries were disabling to some degree, and that it was the combined effect of all the injuries which rendered claimant incapable of continuing to work with horses.
Despite the clear import of this evidence, the deputy dismissed all claims against the E/Cs at the time of claimant’s first and second accidents, leaving the appellant solely responsible for all benefits awarded. The deputy apparently based this decision on the fact that claimant was able, albeit with some difficulty, to go back to work following his first two injuries. In light of the uncontroverted evidence as to the effect of the first two injuries on his final condition, this decision was incorrect.
Claimant returned to work, briefly and with difficulty, following his third accident as well as following the first two. There was no evidence that claimant’s wrist injury was the sole cause of his inability to work. On the contrary, the evidence unequivocally established that all three injuries were troublesome, and indicated that of the three, the wrist injury was probably the least significant. Therefore, there is no basis for the deputy’s assessment of *177 sole responsibility against appellant and his dismissal of all claims against the other E/Cs.
A deputy’s factual conclusions will not be disturbed absent a clear abuse of discretion. Hinds v. Orlando Concrete Contractors, 454 So.2d 81 (Fla. 1st DCA 1984); Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983). However, in the instant case, there is no competent substantial evidence to support the deputy’s determination that claimant’s relatively minor third injury is the sole cause of his disability and need for rehabilitation. Accordingly, that portion of the final order dismissing “all claims against the employers and carriers involved in the first and second injuries” is reversed. In all other respects, the order is affirmed.
AFFIRMED in part and REVERSED in part.
SHIVERS, J., concurs.
ERVIN, J., dissents without opinion.