MILLS, Judge.
The claimant in this workers’ compensation appeal was involved in an industrial accident in 1982. In 1985, he was involved in a second industrial accident. The carrier on the risk at the time of the second accident (carrier 2) sought reimbursement, pursuant to section 440.42(3), Florida Statutes, from the carrier on the risk at the time of the first accident (carrier 1) for compensation and medical benefits paid by carrier 2 after the date carrier 2 contended the claimant had fully recovered from the second accident. The deputy commissioner denied reimbursement.
The deputy properly denied reimbursement for compensation benefits for the period claimed. The record shows carrier 2 voluntarily paid temporary total disability benefits, the compensation benefits in question, during a period when the claimant was receiving his full salary from the employer. The benefits paid, therefore, were not due and carrier 1 cannot be required to reimburse carrier 2 for them. Miami-Dade Water & Sewer Authority v. Leech, 447 So.2d 979 (Fla. 1st DCA 1984).
Carrier 2 argues that it was obligated to pay compensation benefits for the period in question and that, pursuant to section 440.-20(15), Florida Statutes, the only gratuitous payments were those wages paid by the employer exceeding the amount of compensation paid or awarded. Section 440.20(15), however, by its own terms applies only when the case is contested and benefits are paid thereafter. There is nothing in the record indicating such was the case here.
*672 It was error for the deputy to deny reimbursement for medical benefits paid by carrier 2 for the period claimed. In denying reimbursement for these benefits, the deputy relied on an equivocal response from the sole medical witness, to a single hypothetical question, to find that the second accident continued as the cause of the claimant’s condition. It was clear from this witness’s testimony as a whole, and his medical reports, that he was of the opinion that the claimant fully recovered from any effects of the second accident prior to the period for which reimbursement was claimed.
Although it is within the province of the deputy to unravel apparent conflicts in medical testimony, V.J. Growers Supply v. Newsome, 496 So.2d 234 (Fla. 1st DCA 1986), the deference shown a deputy in such matters is not absolute:
Where only a single medical expert testifies concerning a particular medical question, and where that expert’s testimony is vague, uncertain, or ambiguous, the deputy should refrain from relying on isolated portions of the testimony and instead should consider all of the testimony and attempt to distill from it the • essence of what the expert is attempting to say.
Sabre Marine v. Feliciano, 461 So.2d 985, 987 (Fla. 1st DCA 1984).
The denial of reimbursement for compensation benefits is AFFIRMED; the denial of reimbursement for medical benefits is REVERSED.
WENTWORTH and BARFIELD, JJ., concur.