PER CURIAM.
This cause is before us on appeal of an order awarding temporary total disability benefits, payment of medical bills, remedial care, attorney fees, and costs. Appellants raise three issues for our consideration: (1) whether the deputy commissioner should have dismissed the claim for lack of prosecution, (2) whether competent, substantial evidence supports the deputy’s order apportioning liability for benefits between the two carriers, and (3) whether the deputy erred in ordering the first carrier to reimburse the second based on claimant’s average weekly wage at the time of the second accident.
Claimant, a 41-year-old fire fighter, suffered a back injury in February 1983 when he fell off a fire truck. He was treated conservatively by Dr. Pigg, who faultily performed a myelogram which did not reveal the true extent of claimant’s disc injury. After six months, claimant returned to work but continued to experience periodic pain.
In June 1985, claimant suffered a serious hip injury when he fell into a hole during a fire. Subsequent diagnosis by Dr. Vlieg-enthart revealed that he had preexisting asymptomatic avascular necrosis. Claimant’s hip had to be replaced, and once surgery healed enough for the hip pain to lessen, claimant realized he had an entirely separate pain in his back. Subsequent examination revealed a severely herniated disc. Dr. Vliegenthart removed the disc and testified that, within reasonable medical probability, claimant suffered a herniated disc from the first injury which was reinjured when claimant shattered his hip during the second accident. At the time of hearing below, claimant had not reached maximum medical improvement for the disc injury, although he had for the hip injury.
Appellant tried to dismiss the claim for lack of prosecution under Florida Workers’ Compensation Rule of Procedure 4.110(b). The deputy denied the motion after hearing evidence that claimant was hospitalized for approximately four months of the time that *303 no record activity occurred. Another procedural question involved the City of Melbourne switching insurance companies between claimant’s first and second injuries. Appellant Old Dominion Insurance Company (Old Dominion) was the carrier at the time of the 1983 injury, but appellee Rock-wood Insurance Company (Rockwood) was the carrier at the time of the second injury. Rockwood successfully sought reimbursement from Old Dominion for benefits paid claimant that were ruled attributable to the first injury.
We affirm the deputy’s ruling on the first issue. Cases construing Florida Rule of Civil Procedure 1.420(e) are applicable in interpreting Florida Workers’ Compensation Rule of Procedure 4.110(b). Kinsey v. Skyline Corporation, 395 So.2d 626, 627-628 (Fla. 1st DCA 1981). Numer-' ous cases have held, on less substantial showings of disability than that demonstrated below, that dismissal is unwarranted when a party is medically disabled during a substantial portion of the period in question. Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA 1977); Schlakman v. Helliwell, Melrose & DeWolf, 519 So.2d 14 (Fla. 3d DCA 1987), and cases cited therein. The instant record reveals that, in addition to being hospitalized for several months, claimant was recovering from severe and painful injuries. As a standard for reversal of a ruling on dismissal for lack of prosecution is abuse of discretion, Regal Wood Products, Inc. v. Mendez, 432 So.2d 141 (Fla. 1st DCA 1983), Riesgo v. Weinstein, 523 So.2d 752 (Fla. 2d DCA 1988), we affirm.
It appears from the record that although claimant reached maximum medical improvement (MMI) for the hip injury in March 1987, he has not reached MMI for the back injury. A deputy commissioner may apportion benefits after a claimant reaches MMI. Florida Insurance Guaranty Association v. Fibercon Industries, 491 So.2d 566 (Fla. 1st DCA 1986). If the parties had raised this issue, the deputy would properly have been required to withhold ruling on apportionment until MMI occurred. However, because this technical argument was not raised below or in this court, we will not base our decision on it. Sunland Hospital v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982); A & J Windows v. Sweitzer, 420 So.2d 363 (Fla. 1st DCA 1982); A & J Tie Beam Service v. Kendle, 511 So.2d 653 (Fla. 1st DCA 1987). Under the rationale expressed in Atkins Construction Company v. Wilson, 509 So.2d 1185 (Fla. 1st DCA 1987), Oaks Farm v. Berry, 500 So.2d 175 (Fla. 1st DCA 1986), Flagship National Bank of Broward County v. Hinkle, 479 So.2d 828 (Fla. 1st DCA 1985), and Tolvanen v. Eastern Air Lines, 287 So.2d 299 (Fla.1973), competent, substantial evidence supports the apportionment ruling.
Finally, under U.S. Electric Company v. Sisk Electric Service, Inc., 417 So.2d 738 (Fla. 1st DCA 1982), the deputy erred in ordering appellant Old Dominion to reimburse Rockwood at the rate established by claimant’s average weekly wage at the time of the second injury. Old Dominion’s liability is limited to the average weekly wage effective at the time of the first injury only. Florida Insurance Guaranty Association v. Fibercon Industries, Inc., supra, does not require a contrary result. The opinion indicates that both parties refused to authorize necessary surgery, which created sufficient stress in claimant to cause an entirely new high blood pressure condition, resulting in her being adjudicated permanently and totally disabled. If that behavior had not occurred, the opinion strongly implies it would have been error to order the first carrier to reimburse the second at a higher rate than that effective at the time of the first injury.[1]
*304 Accordingly, the cause is affirmed in part and reversed with directions to enter an order amending Old Dominion’s reimbursement obligation to reflect the average weekly wage effective at the time of the 1983 injury.
BOOTH, SHIVERS and THOMPSON, JJ., concur.

. Appellants also argued under the third issue that the portion of the order awarding temporary total disability "until claimant is no longer temporarily and totally disabled," should be amended to read “until claimant is no longer temporarily and totally disabled or is able to return to work, whichever occurs first.” Although this court reworded a temporary total disability award in Turnberry Isle Country Club v. Reyes, 469 So.2d 787 (Fla. 1st DCA 1985), and similarly reworded an order in Miami-Dade Water and Sewer Authority v. Leech, 447 So.2d *304 979 (Fla. 1st DCA 1984), the instant case is distinguishable. The rewording in both cited cases was necessary because the order had the effect of providing temporary total disability benefits for longer than the definition of the benefit would envision. As temporary total disability has been defined as “a healing period during which the claimant is totally disabled and unable to work due to his injury,” T.G. Lee Foods, Inc. v. Walker, 395 So.2d 252 (Fla. 1st DCA 1981), and the instant wording is consistent with that definition, we affirm the award as worded.