PER CURIAM.
This cause is before us on appeal from an order of the deputy commissioner granting total and temporary partial disability, and apportioning liability. Of the many issues raised on appeal and cross appeal, we find only the issue of apportionment merits discussion.
Claimant, a 25-year-old construction worker and laborer, injured his back on August 12, 1985, while lifting a heavy precast beam onto scaffolding in the course of his employment with Jeff Wells, who was subcontracting for and provided workers’ compensation insurance by Sun Lakes Realty and Construction and American Mutual Insurance Company, respectively, employer and carrier number one (E/C No. 1). Subsequently, E/C No. 1 furnished claimant with compensation and medical benefits. Claimant returned to work for Wells, who had changed carriers in January 1986, and was insured by Executive Risk Consultants, Inc. (E/C No. 2). On April 21, 1986, claimant reinjured his back while lifting concrete blocks. Both carriers refused to furnish claimant with temporary total disability benefits or to reimburse him for medical costs following the second accident.
The deputy found claimant’s second back injury was causally related to both accidents, required E/C No. 2 to pay temporary total disability benefits and temporary partial disability benefits in the amount of $1,000, and apportioned liability for future compensation and medical benefits between E/C No. 1 and E/C No. 2. We find that competent substantial evidence supports *1217 the deputy’s findings and that the deputy has the authority to apportion temporary total and temporary partial disability benefits, other benefits, and costs. Atkins Construction Company v. Wilson, 509 So.2d 1185 (Fla. 1st DCA 1987); City of Fernandina Beach v. School Board of Nassau County, 488 So.2d 871 (Fla. 1st DCA 1986); Flagship National Bank of Broward County v. Hinkle, 479 So.2d 828 (Fla. 1st DCA 1985); Hayward Trucking v. Aetna Insurance Company, 466 So.2d 437 (Fla. 1st DCA 1985). However, the deputy is required to withhold ruling on apportionment until maximum medical improvement is reached. Florida Insurance Guaranty Association v. Fibercon Industries, Inc., 491 So.2d 566 (Fla. 1st DCA 1987); see also City of Melbourne v. Haddock, 533 So.2d 301 (Fla. 1st DCA 1988). E/C No. 2 should be required to furnish claimant with benefits and reimburse his medical costs until apportionment.
Accordingly, the deputy’s order is affirmed and this cause remanded for clarification regarding the issue of apportionment consistent herewith.
BOOTH, JOANOS, and MINER, JJ., concur.