528 So.2d 1337 (1988)
Jerry SIMMONS, Appellant,
v.
TRINITY INDUSTRIES and Employer's Casualty Company and Porter Plastics and Rockwood Insurance Company, Appellees.
No. 87-1450.
District Court of Appeal of Florida, First District.
August 4, 1988.
*1338 John P. Stone, Jr., Jacksonville, for appellant.
Robert M. Sharp, of Sharp & Rizk, P.A., Jacksonville, for appellees Porter Plastics and Rockwood Ins. Co.

OPINION ON REHEARING
WIGGINTON, Judge.
Appellant appeals the deputy commissioner's order denying his claim against both appellee employers for workers' compensation benefits. We affirm in part, reverse in part, and remand for further proceedings against appellees Porter Plastics and Rockwood Insurance Company.
Appellant injured his back in February 1986, in a work-related accident, while employed by appellee Trinity Industries. Although his treating physicians suspected a possible herniated disc, objective tests resulted in no such finding. Therefore, on May 23, 1986, the then treating doctor, Dr. McAuley, released appellant to return to work on June 2, with the statement at that time that he had reached maximum medical improvement with no permanent impairment and with no restrictions.
On May 23, appellant applied for work at appellee Porter Plastics, was hired, and began work on the night shift, during which he spent several hours stacking plastic pipes. According to his testimony, he suffered pain throughout the shift and could not even straighten up the next morning. Thereafter, he was diagnosed as having a herniated disc and has not worked since that time.
Appellant filed a claim seeking temporary total disability benefits from June 2, 1986 (appellee Trinity had paid temporary total disability benefits until that date) and continuing medical care. Appellee Trinity defended on the ground that prior to his May injury, appellant had reached maximum medical improvement from his February injury with no permanent impairment and that any medical condition he now suffers is due to his May injury at Porter Plastics. Porter Plastics defended the claim on the following grounds: (1) Appellant's employment there was fraudulently induced by his failure to reveal his condition on his employment application; (2) he suffered no accident on the job at Porter Plastics; and (3) if he did sustain an injury at Porter Plastics, it was merely a temporary aggravation of his preexisting condition caused by the Trinity accident.
We affirm the deputy commissioner's denial of appellant's claim against Trinity and its insurer due to our deference to his factual determination that the medical evidence established that appellant had reached maximum medical improvement "without a permanent impairment rating" from the February injury and did not have "a herniated disc or similar disabling condition" at the time he was released by Dr. McAuley on May 23, 1986. On that basis, he found appellee Trinity not to be liable for compensation benefits to appellant. Since appellant sought only medical and temporary benefits, the deputy properly did not rule on the permanent impairment issue, but merely made reference to the absence in the record of a permanent impairment rating. In that regard, we note that according to Dr. McAuley's March 1987 deposition testimony, appellant probably had disc, muscle, and ligament damage after the February injury and the May injury was "probably the straw that broke the camel's back"; his injury was "a cumulative injury," based upon reasonable medical probability. Thus, Trinity may be subject to liability for permanent benefits in the future.
The deputy made no finding as to whether a second accident in fact occurred. However, the record supports a determination that if a second injury occurred, Porter Plastics is subject to liability. Since apportionment *1339 of claims for temporary disability, medical benefits, and wage-loss benefits is barred by statute, § 440.15(5)(a), Hayward Trucking, Inc. v. Aetna Insurance Co., 445 So.2d 385 (Fla. 1st DCA 1984), in this circumstance the second employer, Porter Plastics, must bear the burden of providing any temporary disability benefits to which appellant may be found to be entitled at this time, unless Porter Plastics has a viable defense to the claim.
We find error in the deputy's disposal of the claim against Porter Plastics and its insurer based on their Martin Company v. Carpenter, 132 So.2d 400 (Fla. 1961) defense. The evidence shows that on May 23, 1986, when appellant was released by Dr. McAuley as having reached maximum medical improvement with no permanent impairment and no restrictions, he was using a cane, experiencing back pain and did not feel that he was able to perform manual labor. However, since he had been medically released, he wanted to try to work. Therefore, when he stopped at Porter Plastics to apply for a job, he left his cane in the car because he knew that carrying it into a job interview would defeat his chance of obtaining employment. On his job application, he answered "no" to the following questions:
1. Do you have any physical handicaps preventing you from doing certain types of work? (If yes, describe handicaps and work limitations.)
2. Have you had a serious illness within the past five years? (If yes, describe.)
In response to a question as to "prior employment," appellant listed only another previous employer and did not mention appellee Trinity.
According to the testimony of the Porter Plastics' employee who hired appellant, he would not have hired him to perform the job for which he was hired if he had known of his true physical condition. He testified that when he went over appellant's application with him, he did not go into detail with him about what the application meant by "physical handicaps" and "serious illness."
He further found that since appellant answered "no" to the key questions mentioned above on the application, since he did not carry his cane when applying for the job because he knew that would defeat his attempt to obtain work, and since Porter Plastics would not have hired appellant for a heavy physical job if it had known of his condition, appellant had fraudulently induced Porter Plastics to hire him by withholding information regarding his physical condition. Therefore, pursuant to Martin v. Carpenter, he determined that recovery against Porter Plastics is barred.
We find that the Martin v. Carpenter defense does not bar recovery under the circumstances of this case. Although appellant undisputedly did not fully disclose his condition to Porter Plastics at the time of his job application, we agree with his assertion that the evidence does not show that he made a knowingly false representation in response to a question asked by Porter Plastics concerning his physical condition in order to induce employment. The record shows that, at best, appellant did suffer a back injury which the doctors felt was a mere sprain; on May 23, 1986, he was released to return to work with no diagnosis of a serious injury or physical handicap and with no restrictions being placed on his physical activity. Under these circumstances, and considering the wording of the questions asked by Porter Plastics on the employment application, appellant cannot be said to have knowingly misrepresented the facts in his "no" answers to those questions. We do not read the Martin v. Carpenter case as imposing an affirmative duty on the prospective employee to make a full, not specifically solicited, disclosure of all of his particular shortcomings especially when, as here, medical experts have declared his maladies to be very minimal and have released him to return to full work capacity with no restrictions whatsoever. When employers ask such nonspecific broad questions as to *1340 physical condition on employment applications, they cannot then depend upon the Martin v. Carpenter defense to bar subsequent claims when their broad questions have not been answered untruthfully. Therefore, we find that the record does not support the deputy's application of the Martin v. Carpenter defense to bar appellant's claim against Porter Plastics in this case.
Consequently, we affirm the denial of the claim against Trinity and its insurer, reverse the denial of the claim against Porter Plastics and its insurer, and remand for further proceedings in that regard. The attorney's fee, which we have previously awarded, shall be paid by Porter Plastics and Rockwood Insurance Company.
AFFIRMED in part, REVERSED in part, and REMANDED.
MILLS and SHIVERS, JJ., concur.