PER CURIAM.
The claimant in this Workers’ Compensation case appeals an order denying a claim for temporary partial wage loss benefits or *270 wage loss benefits. The claim was denied on the ground that the claim was not timely under section 440.15(3)(b). We reverse and remand for a determination on claimant’s entitlement to any wage loss without deciding the merits of the deputy commissioner’s application of this statute.
The claim was filed on October 21, 1987. It appears from the record that the Employer/Carrier (E/C) furnished medical care from Dr. Riddick on July 11, 1986 and again on November 10, 1987, after the claim was filed. On the latter visit claimant reported experiencing pain and Dr. Rid-dick prescribed anti-inflammatories. Claimant’s continued receipt of treatment provided by the E/C (whether remedial or palliative) extended the limitations period for filing his claim. Section 440.19(2)(a), Fla.Stat. (1979); City of Orlando v. Blackburn, 519 So.2d 1017 (Fla. 1st DCA 1987); Tower Chemical Co. v. Hubbard, 527 So.2d 886 (Fla. 1st DCA 1988).
REVERSED and REMANDED.
SHIVERS, WENTWORTH and NIMMONS, JJ„ concur.