WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which the deputy commissioner denied a claim for contribution instituted by the current servicing agent for the self-insured employer against a former carrier and former servicing agent of the employer. Claimant argues that because her employer has voluntarily provided medical treatment for certain injuries as recently as 1988, the filing period for earlier, compensable injuries suffered by claimant is reactivated, and the current servicing agent can file a claim for contribution against the former carrier and the former servicing agent who provided services to claimant’s employer at the times of those earlier injuries. Claimant makes no reference to record evidence tending to show that the treatment she has received under the current servicing agent is on account of any injury sustained during those times in which coverage was provided by either the former carrier or the former servicing agent. We therefore affirm the deputy commissioner’s denial of contribution.
Claimant sustained injuries on the following days: 12/9/80, 1/28/83, 5/5/83, 8/31/83, and 2/14/84. Claimant filed a claim for benefits in March 1985, but it was dismissed as to both CIGNA and Gallagher Bassett for lack of prosecution in late 1987. Claimant subsequently filed another claim for benefits in December 1987, and it is this claim which is at issue here.
A hearing was held on the claim in August 1988. The deputy commissioner found that appellee CIGNA Property & Casualty Company (CIGNA) was responsible for providing coverage for the knee injury claimant sustained on 12/9/80, with the last treatment for that injury occurring in April 1983. Appellee Gallagher Bassett Insurance Service (Gallagher Bassett) was responsible for covering the injuries claimant sustained to her back and neck on 1/28/83, and to her knees on 5/5/83 and 8/31/83. The last date of treatment rendered to claimant on account of these three injuries was in May 1985. Appellee Crum & Forster Commercial Insurance (Crum & Forster), the current servicing agent for claimant’s employer, was responsible for covering treatment for the neck injury which claimant sustained in 1984. The treatment which claimant has received from her employer through Crum & Forster as recently as mid-1988 is for ongoing problems claimant has with her cervical spine.
The deputy commissioner concluded that any treatment rendered to claimant subsequent to April 1983 was not for the injury for which CIGNA was responsible, and that any treatment rendered to claimant subsequent to May 1985 was not for any injuries for which Gallagher Bassett was responsible. Thus, by the time of hearing the statute of limitations had expired on all claims arising out of the injuries sustained by claimant while CIGNA and Gallagher Bassett provided services for claimant’s employer. The claims against both CIGNA and Gallagher Bassett were dismissed.
Crum & Forster did not appeal the deputy commissioner’s denial of contribution between carriers. We note initially *414 that there is no merit to CIGNA and Gallagher Bassett’s argument that claimant lacks standing to appeal the deputy commissioner's order. The effect of the deputy commissioner’s finding that “the statute of limitations bars the Claimant’s rights against CIGNA and Gallagher Bassett for any future benefits” precludes claimant from receiving certain future benefits on those claims. Thus, claimant is adversely affected by the deputy commissioner’s order and has standing to challenge it.
Section 440.19(l)(a), Florida Statutes, provides:
The right to compensation for disability, rehabilitation, impairment, or wage loss under this chapter shall be barred unless a claim therefor ... is filed within two years after the time of injury, except that, if payment of compensation has been made or remedial treatment or rehabilitative services have been furnished by the employer on account of such injury, a claim may be filed within two years after the date of the last payment of compensation or after the date of the last remedial treatment or rehabilitative services furnished by the employer.
Claimant argues that under a “theory of repetitive trauma” all of the injuries she has sustained over the years to her neck and back contribute to her present condition, and because she received treatment for her neck condition in 1988 her current claim for benefits flowing from those earlier neck injuries is timely. However, claimant fails to offer evidence demonstrating that any of her prior injuries were still requiring treatment at the time her employer voluntarily began paying for her current treatment through Crum & Forster. Claimant relies on her physician’s statement that each of the injuries which she sustained played a contributing role in causing, aggravating or exaggerating her neck condition as support for her contention that the treatment she has received under Crum & Forster is on account of injuries she suffered during the time when both CIGNA and Gallagher Bassett provided services for her employer. However, the deputy commissioner found that the remedial care which claimant received under Crum & Forster was on account of additional accidents and injuries that occurred after CIGNA and Gallagher Bassett had discontinued coverage. Thus, if it were not for some subsequent accident or injury suffered by claimant, independent remedial treatment would not have been required for any of her earlier injuries. Claimant refers to no evidence which contravenes the deputy commissioner’s findings. The deputy commissioner is “the trier of facts and judge of their significance both first and foremost....” Poinciana Village Constr. Corp. v. Gallarano, 424 So.2d 822, 825 (Fla. 1st DCA 1982).
The medical testimony supports a conclusion that the injuries which claimant suffered prior to March 1985 for which CIG-NA and Gallagher Bassett were responsible had healed adequately by March 1985 for claimant to return to work full-time with very little restriction on her ability to work, and that any remedial treatment thereafter was on account of some injury sustained subsequent to that time. Claimant relies on Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla.1986) in support of her argument that the voluntary treatments provided by her employer through Crum & Forster for her neck condition allow her to reactivate her claim for benefits for earlier neck injuries even though more than two years has passed since those earlier neck injuries. For the reasons noted above, Daniel is inapposite to the discussion here. The earlier neck injuries were not requiring remedial treatment at the time the current servicing agent began providing treatment, and claimant cites to no record evidence that contravenes the deputy commissioner’s conclusion that the current treatment is not on account of one of these earlier injuries. Claimant’s current claim for benefits is therefore barred by section 440.19(1)(a).
The deputy commissioner’s order is affirmed.
NIMMONS, J., concurs.
ZEHMER, J., concurs in result.