ERVIN, Judge.
In this case, appellants seek review of a compensation order dividing liability[1] for temporary total disability (TTD), medical, and future permanent disability compensation and rehabilitation benefits between the appellant insurance carrier Transamerica Insurance Company (TIC) and the appellee servicing agent GAB Business Services, for their respective compensable accidents on June 4, 1985 and August 29, 1986. We affirm.
Neither of the issues raised by appellants has merit. First, there is competent, substantial evidence (CSE) to support the percentages assigned to each carrier in connection with their respective obligations to claimant. Second, the judge of compensation claims (JCC) made a single finding of maximum medical improvement *1363 (MMI) on February 20, 1989, from the cumulative injuries in both accidents. He divided liability for temporary benefits pri- or to MMI,[2] as well as permanent benefits thereafter. Dr. Blood’s testimony that the combination of claimant’s preexisting condition and his first industrial accident caused 67 percent of his present disability,[3] and that claimant’s second industrial accident caused 33 percent of his present condition, represents CSE to support the JCC’s final determination of liability, as required by section 440.42(3).
AFFIRMED.
WENTWORTH and WIGGINTON, JJ„ concur.

. Appellants use of the term "apportionment” in their argument is misleading. Apportionment is the correct term to use in situations involving division of liability for permanent benefits under Section 440.15(5)(a), Florida Statutes. When dividing responsibility under Section 440.42(3), Florida Statutes (1983), which is the issue at bar, proper terms to be used are contribution, or reimbursement, or allocation.

. While Section 440.15(5)(a), Florida Statutes (Supp.1984), expressly states that ”[c]ompensation for temporary disability, medical benefits, and wage-loss benefits shall not be subject to apportionment!,]” that prohibition relates to situations involving disputes between the employer/carrier and an employee who suffers from a "previous disability, impairment, anomaly, or disease.” § 440.15(5)(a), Fla.Stat. (Supp.1984). See Russell House Movers, Inc. v. Nolin, 210 So.2d 859 (Fla.1968). However, sections 440.-15(5)(a) and (b) are not pertinent to the issues litigated in the present case, because the statutory prerequisites stated in those sections are not present in this case in which the injury from claimant’s first accident had not reached MMI before the second accident. Cf. Simmons v. Trinity Indus., 528 So.2d 1337 (Fla. 1st DCA 1988); Tolvanen v. Eastern Air Lines, 287 So.2d 299 (Fla.1973). Section 440.42(3), on the other hand, controls the division of liability between carriers for benefits due under other provisions of Chapter 440. This statute provides that when "it is finally determined that another carrier is liable for all or any part of such obligations and duties ... the carrier which has made payments ... shall be entitled to reimbursement from the carrier finally determined liable_” (Emphasis added.) This does not mean that a finding of MMI is a necessary prerequisite to one carrier’s right to reimbursement or contribution from another carrier as to benefits for which MMI is not otherwise necessary. All that is required is that there be CSE to support a final determination of causation between carriers.

. Any issue regarding apportionment between TIC and claimant, because of his preexisting condition, is not before us.