KAHN, Judge.
Claimant Charlton Bell appeals an order of the Judge of Compensation Claims (JCC) dismissing Bell’s workers’ compensation claim as outside the applicable period of the statute of limitations, section 440.19(2),[1] Florida Statutes (1981). Section 440.-19(2)(a) provides:
The right to compensation for disability, impairment, or wage loss under this *684 chapter shall be barred unless a claim ... is filed within 2 years after the time of injury, except that, if payment of compensation has been made or remedial treatment has been furnished by the employer on account of such injury, a claim may be filed within 2 years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
We reverse and remand for further consideration of Bell’s claim.
Claimant originally suffered a work related injury in 1981. After surgical treatment for a herniated lumbar disc, Bell eventually returned to work for appellee Commercial Carriers. On June 7, 1989, Bell injured his low back at work while changing a tire. He received treatment from Dr. Norman, the same physician who provided care to Mr. Bell after his 1981 injury. Dr. Norman testified that Bell’s complaints involved the same area affected by the 1981 injury and surgery. Dr. Norman kept Bell off work for two months and prescribed conservative care including heat, bed rest, and a nonprescription anti-inflammatory. Commercial Carriers, as the employer/carrier in this case, paid for medical treatment while claimant was under Dr. Norman’s care. Commercial Carriers also paid temporary total disability benefits for a period of time during the summer of 1989.
In his deposition testimony, Dr. Norman reviewed his last office note dated September 29, 1989. According to Dr. Norman, Bell had a muscle sprain type injury with no increased disability or restrictions as a result of the June 7, 1989 incident. Dr. Norman stated that the 1981 injury was “temporarily exacerbated by this most recent lifting incident that he described in June of ’89.” The muscle stiffness described by Bell at the September 29, 1989 office visit related, in the opinion of Dr. Norman, to the old injury. Dr. Norman did not testify to a precise date of maximum medical improvement, and indicated that MMI for the June 1989 accident would have been sometime after September 29, 1989.
Claimant returned to work on September 5, 1989, and was terminated from his employment in January, 1990, for reasons unrelated to his injuries. He began working as a program assistant for a drug rehabilitation program for minors in May, 1990. As part of his job, he participated in sports five days a week for two to four hours a day with the students in the program. In September, 1990, he went to Dr. Chaim Rogozonski, an orthopedic surgeon, with complaints of back pain. The doctor diagnosed claimant as having postdiskectomy syndrome and degenerative disc disease. He recommended surgery. He explained that many diskectomy patients ultimately require fusion surgery. He had no opinion on whether claimant’s 1989 injury had an effect on the need for surgery.
Appellees refused to authorize the surgery and controverted a claim for wage loss on the grounds that the injury was unrelated to claimant’s 1989 injury and the statute of limitations had run on the 1981 injury.
The JCC denied the claim for wage loss benefits, penalties, interest, costs and attorney’s fees on the same grounds. In the order under review, the JCC made the following findings:
5. Claimant was injured on June 7, 1989, while working for Commercial Carriers, when he alleges he was changing a tire and strained his back. Dr. Norman then began treating the claimant again for this injury. The claimant was complaining of tenderness in the lumbar spine and abnormal sensations to the lateral portion of his left foot. Dr. Norman noted that these complaints involved the same area where the doctor previously performed surgery. Dr. Norman placed Mr. Bell on no work status and was continued on temporary total disability until August 25, 1989. During *685 this period, Mr. Bell was advised to continue back strengthening exercises.
6. The claimant was returned to regular work on September 5, 1989 by Dr. Norman. The final visit to Dr. Norman’s office was September 29, 1989 where Mr. Bell was instructed to continue the exercises and return to the clinic on an as needed basis. It was Dr. Norman’s opinion that all the symptoms which he saw were a temporary exacerbation of the 1981 condition. There was no increased disability nor restrictions to the claimant as a result of the June 7, 1989 accident.
Despite the findings by the JCC that Dr. Norman, while being paid for his care of Mr. Bell by the employer, saw symptoms indicative of a temporary exacerbation of the 1981 condition, the JCC found that all benefits provided following the 1989 accident were for the date of that accident only. The JCC concluded that the 1989 treatment was not remedial treatment for the 1981 injury and barred Bell’s claim. The JCC expressly relied upon Betham v. City of Orlando, 556 So.2d 412 (Fla. 1st DCA 1989). In Betham, this court found that the limitations period had expired because all remedial treatment received by the claimant in that case was on account of some injury sustained subsequent to the date of the compensable injury. In reaching its conclusion, however, this court noted that Betham would not have required remedial treatment for any of her earlier injuries, were it not for some subsequent accident or injury, and further noted that Betham’s earlier neck injuries were not requiring remedial treatment at the time the current servicing agent began providing treatment for a subsequent injury. These two observations of the Betham court are not controlling here.
Although the record is quite sketchy as to the quantitative role claimant’s 1981 injury played in his 1989 injury and subsequent treatment, the testimony of Dr. Norman nevertheless establishes that treatment was rendered, at least in part, for a temporary exacerbation of the 1981 injury. Under the clear language of the statute, the fact that the employer may not have intended to voluntarily provide remedial treatment and thus revive the statute of limitations for the 1981 injury is not controlling. Remedial treatment need not be voluntary in order to revive the statute. Roe v. City Investing/General Development Corp., 587 So.2d 1323 (Fla.1991). The critical question is whether the claimant has filed a claim within two years of the last compensation payment or remedial treatment causally related to a com-pensable injury. Daniel v. Holmes Lumber Co., 490 So.2d 1252, 1255 (Fla.1986). See also LaFave v. Bay Consolidated Distributors, 546 So.2d 78 (Fla. 1st DCA 1989). The medical testimony in this case indicates that the care rendered to Bell after the June 1989 injury was in fact remedial as to the 1981 injury, since the evidence, as accepted by the JCC, clearly indicates treatment by Dr. Norman of a temporary exacerbation of the old injury.
We reverse the order of the Judge of Compensation Claims and direct that Mr. Bell’s claim be considered on its merits.
ZEHMER and WOLF, JJ., concur.

. The statute was renumbered in 1983 as 440.-19(l)(a). Although it has been amended several *684 times, the current version of the statute is substantially the same. Section 440.19(l)(a), Florida Statutes (1991), bars claims unless they are: "filed within 2 years after the time of injury, except that, if payment of compensation has been made or remedial treatment or rehabilitation services have been furnished by the employer on account of such injury, a claim may be filed within 2 years after the date of the last payment of compensation or after the date of the last remedial treatment or rehabilitative services furnished by the employer."