794 So.2d 710 (2001)
James Scott ELLIS, Appellant,
v.
GALLOWAY'S INC., American States Insurance, Carrier # 1, Riscorp n/k/a zenith insurance, Carrier # 2, and FCCI Insurance Group, Carrier # 3, Appellees.
No. 1D99-3624.
District Court of Appeal of Florida, First District.
September 19, 2001.
Willa M. Russell, Clearwater, and Bill McCabe, Longwood, for Appellant.
Dana G. Andrews of Smith, Andrews & Brady, Tampa; Ben H. Cristal of Sponsler & Bennett, P.A., Tampa; and, Stephanie M. Vann and Donald S. Bennett of Fowler, White, Tampa, for Appellees.
PER CURIAM.
In this workers' compensation case, appellant had three dates of injury with the employer, Galloway's, Inc. The judge of compensation claims (JCC) decided three issues involving the present claims: whether the statute of limitations (SOL) expired for a 1989 injury; whether the two-year SOL expired for a 1992 injury; and whether the one-year SOL expired for a 1995 repetitive trauma. See § 440.19(2), Fla. Stat. (Supp.1994) (stating the one-year SOL); § 440.19(1)(a), Fla. Stat. (1991) (stating the two-year SOL). The JCC found that the SOL had expired for all three dates of accident. Claimant does not *711 challenge the JCC's finding with regard to the 1989 accident, and competent, substantial evidence supports the JCC's findings with regard to the 1995 accident.
In the order, the JCC acknowledged the medical testimony that the 1992 accident contributed to the 1995 need for treatment. The medical testimony supports such a finding. Accordingly, the later treatment after the 1995 repetitive trauma accident revived the SOL for the 1992 accident. See Bell v. Commercial Carriers, 603 So.2d 683 (Fla. 1st DCA 1992). This is distinguishable from Betham v. City of Orlando, 556 So.2d 412 (Fla. 1st DCA 1989), where the later treatment did not revive the SOL for an older injury because the claimant did not show that the later treatment was provided on account of any previous injury. Thus, the two-year SOL for the 1992 accident was revived upon treatment in 1995. See § 440.19(1)(a), Fla. Stat. (1991). Because the PFB was filed within two years of the last remedial treatment for the 1995 accident, the SOL had not expired with regard to the 1992 accident.
This case is REVERSED and REMANDED for further proceedings.
ERVIN, KAHN and POLSTON, JJ., concur.