854 So.2d 268 (2003)
JEFFREY'S STEEL and AIG Claim Services, Inc., Appellant,
v.
CONIBEAR EQUIPMENT, INC., Claims Center and Curtis Register, Appellee.
No. 1D02-0811.
District Court of Appeal of Florida, First District.
September 12, 2003.
*270 Wayne Johnson of DeCiccio & Johnson, Winter Park for Appellant.
Harold E. Barker of DiCesare, Davidson & Barker, P.A., Lakeland for Appellee.
HAWKES, J.
Appellants, Jeffrey's Steel and AIG Claim Services, Inc. (Steel), appeal from an order of the Judge of Compensation Claims (JCC) which held Steel liable to Appellees, Conibear Equipment, Inc. and Claims Center (Conibear) for 20 percent contribution for the benefits and attorney's fees for which Conibear is liable to claimant, Curtis Register. The JCC based its ruling, in part, on grounds that Steel's statute of limitations defense was waived because it was not timely raised, and Steel failed to file a 120 day letter. We reverse. Steel did not waive its statute of limitations defense, and contribution liability between carriers exists only if each carrier is liable for benefits to the claimant. In light of our reversal on these issues, and because Conibear's claims on cross-appeal are not preserved, those issues are not addressed.
In 1995, while employed by Steel, Claimant received treatment for hand and wrist pain consistent with repetitive stress injury, which was authorized and paid for by Steel. However, Claimant did not file a petition for benefits (PFB) related to his hand and wrist injury until July 1999, approximately four years after he was first treated for his injury, and approximately two and one-half years after he left Steel's employment. Thus, unless Claimant's claim against Steel falls under a statutory exception, it is barred by the statute of limitations. See § 440.19(1), Fla. Stat. (Supp.1994).
Payment of indemnity benefits or furnishing remedial treatment, care, or attendance pursuant to a notice of injury or a PFB will toll the limitations period for one year from the date of payment. See § 440.19(2), Fla. Stat. (Supp.1994). Claimant sought remedial treatment in November 1997, during his employment with Conibear, but Steel did not pay for that treatment. Because Claimant did not seek remedial treatment for over two years after Steel's last payment for treatment, his claim against Steel did not fall under a statutory exception. Thus, the statute of limitations was not tolled.
However, "[n]otwithstanding the provisions of section [440.19], the failure to file a[PFB] within the periods prescribed is not a bar to the employee's claim unless the carrier advances the defense of a statute of limitations in its initial response to the [PFB]...." § 440.19(4), Fla. Stat. (Supp.1994). A review of the record reveals Steel timely asserted the statute of limitations defense in each of its Notices of Denial. Thus, its statute of limitations defense was not waived, and the JCC erred by concluding otherwise.
The JCC also misapplied the law by finding Steel's statute of limitations defense "failed" because Steel did not provide Claimant with a 120 day letter. Provision *271 of the 120 day letter is only required where the carrier is uncertain of its obligation to provide benefits, and begins paying benefits while it investigates the compensability of an employee's injury. See § 440.20(4), Fla. Stat. (Supp.1994). Under such circumstances, the carrier is required to admit or deny compensability and provide the employee with such notice within 120 days after the initial provision of benefits. See id.; see also Moore v. CTL Distrib., Inc., 790 So.2d 1215 (Fla. 1st DCA 2001). Here, Steel denied the claim as soon as Claimant formally sought benefits.
Finally, section 440.42(3), Florida Statutes, controls the division of liability between carriers for benefits due under Chapter 440. See Forklifts of Cent. Fla. v. Beringer, 560 So.2d 1362, 1363 n. 2 (Fla. 1st DCA 1990). "The determinative factor in placing liability under Section 440.42(3) is whether the second compensable accident causes injury which is independent from or an exacerbation of the first compensable accident. Section 440.42(3) thereafter allows the [JCC] to divide liability according to each carrier's responsibility." B & L Servs., Inc. v. Coach USA, 791 So.2d 1138, 1143 (Fla. 1st DCA 2001) (quoting U.S. Elec. Co. v. Sisk Elec. Serv., Inc., 417 So.2d 738 (Fla. 1st DCA 1982)). Where liability is divided among two or more carriers pursuant to section 440.42(3), attorney's fees should be apportioned accordingly. See B & L Servs., Inc., 791 So.2d at 1143. Therefore, section 440.42(3) can be applied only when each of the contending employer/carriers is liable to the claimant for a portion of the benefits which have been determined under other provisions of chapter 440. See Cruise Quality Painting v. Paige, 564 So.2d 1190, 1197 (Fla. 1st DCA 1990).
Accordingly, pursuant to the plain language of section 440.42(3), Conibear is only entitled to contribution from Steel if Steel is liable to Claimant for payment of benefits. Here, Steel is not liable for payment of benefits to Claimant, because Claimant's claim against Steel was barred by the statute of limitations. The JCC erred by ruling Steel was required to reimburse Conibear for 20% of Claimant's indemnity and medical expenses. Because Steel is not liable for contribution to Conibear for partial payment of Claimant's benefits, it is not liable for payment of any portion of Conibear's obligation to pay Claimant's attorney's fees.
The compensation order is REVERSED, and the case REMANDED for entry of a compensation order consistent with this opinion.
VAN NORTWICK and LEWIS, JJ., Concur.