917 So.2d 361 (2005)
Larry BORNEISEN, Appellant,
v.
HOME DEPOT and Sedgwick Claims Management Services, Appellees.
No. 1D04-4954.
District Court of Appeal of Florida, First District.
December 30, 2005.
*362 Mark G. Capron of Smith, Feddeler, Smith & Miles, P.A., Lakeland; Susan W. Fox of Fox & Loquasto, P.A., Tampa; Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellant.
George A. Helm, III, Herbert A. Langston, Jr. and Brian T. Hanley of Langston, Hess, Bolton, Shepard & Augustine, P.A., Maitland, for Appellees.
PER CURIAM.
Appellant argues that the Judge of Compensation Claims ("JCC") erred by denying his claim arising from injuries sustained during industrial accidents in 1991 and 1992. Specifically, the JCC held that the two-year statute of limitations period for filing such a claim had run, and that the employer/carrier's (E/C) continued provision of "palliative" treatment to appellant had not revived the limitations period. We agree with appellant that the JCC erred, and therefore reverse.
In 2002, appellant filed a claim for benefits arising from the 1991 and 1992 accidents. The JCC specifically found that appellant's prescriptions filled as recently as September 12, 2001 and September 18, 2001 were related to claimant's 1991 and 1992 industrial accidents. The JCC also found that these prescriptions constituted "palliative" treatment and were paid for by the E/C on December 19, 2001. These findings are supported by competent substantial evidence in the record.
The JCC recognized that section 440.19(1)(b), Florida Statutes, provides, as an exception to the two-year statute of limitations, that if the E/C provides remedial attention or rehabilitative services without an award on account of such injury, the claim may be filed within two years after the date of the last remedial attention. However, the JCC ruled that appellant's prescriptions were "palliative" instead of "remedial," and therefore did not revive the statute of limitations.
Despite the above findings, the JCC based her ruling upon an erroneous legal distinction between "remedial" and "palliative" treatment, construing Ellis v. Galloway's Inc., 794 So.2d 710 (Fla. 1st DCA 2001), as meaning that only "remedial" and not "palliative" treatment is capable of reviving the limitations period under section 440.19. No such distinction was created by Ellis. Ellis merely recognizes that "remedial" care is capable of reviving the limitations period. 794 So.2d at 711.
"Remedial," as it is used in section 440.19, Florida Statutes, has been defined to include "palliative" care. See City of Orlando v. Blackburn, 519 So.2d 1017, 1018 (Fla. 1st DCA 1987) (holding that "remedial," as it is used in Section 440.19, includes "all medical treatment or attention which is reasonably necessary to treat a compensable injury or to mitigate its effects or conditions"); see also Colvin v. *363 Colvin, 544 So.2d 269 (Fla. 1st DCA 1989) (holding "[c]laimant's continued receipt of treatment provided by the E/C (whether remedial or palliative) extended the limitations period for filing his claim").
Accordingly, the limitations period on appellant's 1991 and 1992 industrial accidents was revived when the E/C provided appellant with "palliative" treatment in 2001. On remand, the JCC is directed to treat appellant's claim as timely filed.
REVERSED and REMANDED for further proceedings.
WEBSTER, BROWNING and POLSTON, JJ., concur.