PER CURIAM.
Specialty Risk Services (SRS) challenges an order of the Judge of Compensation Claims (JCC) that requires it to pay $615,630.96 in contribution for a claim administered and adjusted by Zenith Insurance Company (Zenith). SRS argues the JCC erred in ordering contribution because the statute of limitations had run on the injured employee’s claim with SRS and, thus, there is no legal basis for its liability to Zenith for contribution. We agree and reverse.
Background
Claimant (not a party to this appeal or the proceedings below) suffered two com-pensable workplace injuries to her lumbar spine during the course of her employment with the Employer. The first accident occurred on March 19, 1999. SRS was the Employer’s workers’ compensation carrier for this date of accident. As a result of the 1999 accident, Claimant treated with various authorized physicians and, ultimately, underwent a discectomy and fusion at L5-S1. Claimant was placed at maximum medical improvement on December 9, 1999 with a 12% permanent impairment rating. Claimant last received benefits from SRS on August 11, 2000. Claimant did not file a petition for benefits (PFB) against SRS. Although Claimant’s back was never “pain free” after the 1999 accident, she was able to return to work for the Employer.
After returning to work, Claimant suffered a second accident on October 3, 2001. Claimant, who perceived she had suffered a new injury, reported the incident to the Employer and requested treatment. Claimant was informed that her “time had lapsed” on her 1999 claim. Claimant was instructed to fill out a new incident report. Zenith, the Employer’s workers’ compensation carrier for the 2001 accident, authorized various doctors. Pursuant to Zenith’s authorization, Claimant underwent a sacroiliac fusion on May 23, 2005, and a left sacroiliac facet joint fusion on April 13, 2006. On January 12, 2007, Zenith accepted Claimant as permanently and totally disabled, and ultimately entered into a lump-sum settlement with Claimant for *204 $335,000.00. In all, Zenith expended $618,006.79 in medical and indemnity benefits following the 2001 accident.
Zenith filed a claim for contribution against SRS seeking reimbursement in the amount of $615,630.96. SRS denied the claim for contribution maintaining that, because the statute of limitations had run on Claimant’s 1999 claim, it was not liable to Claimant, and therefore, it was not liable for the reimbursement/contribution claim.
Zenith introduced medical testimony from an orthopedist (elicited on March 13, 2008, more than six years after Zenith began paying benefits pursuant to the Notice of Injury on the 2001 accident) establishing, although the care and benefits provided by Zenith for the first three months after the 2001 accident was 90% related to the injuries suffered in 2001, all (100%) of the care, treatment, and benefits provided to Claimant by Zenith after January 3, 2002, was wholly related to the 1999 accident, not the 2001 accident. The JCC accepted this testimony, and based on this court’s decisions in Bell v. Commercial Carriers, 603 So.2d 683 (Fla. 1st DCA 1992), and Ellis v. Galloway’s, Inc., 794 So.2d 710 (Fla. 1st DCA 2001), concluded that Zenith, by providing treatment to Claimant after the 2001 accident, “revived” the statute of limitations on the 1999 claim administered by SRS.
Analysis
We begin our analysis by recognizing that section 440.42(4), Florida Statutes (2001), allows a carrier that has voluntarily provided benefits to file a claim for contribution against another carrier who is liable for the discharge of the obligations of one or more employers with respect to a claim for compensation, treatment, or other benefits. See § 440.42(4), Fla. Stat. (2001). We have held, however, a carrier can obtain contribution pursuant to section 440.42(4) only if the carrier from which contribution is sought is liable to the claimant for payment of benefits. See Jeffrey’s Steel v. Conibear Equip., Inc., 854 So.2d 268, 271 (Fla. 1st DCA 2003). If the statute of limitations has run on a claim, the carrier for that claim is not liable for contribution because it has no liability to the claimant. See id.
Thus, the issue presented here is whether Claimant’s statute of limitations ran on the 1999 workplace accident. As a general rule, a claim is governed by the statute of limitations in effect on the date of accident. See generally Sanchez v. Acapulco Plasters & Stucco, 668 So.2d 298, 300 (Fla. 1st DCA 1996) (stating statute of limitations is to be applied prospectively unless legislative intent to the contrary is express, clear, and manifest). The statute of limitations in effect on the date of both of Claimant’s accidents provided:
Except to the extent provided elsewhere in this section, all employee petitions for benefits under this chapter shall be barred unless the employee, or the employee’s estate if the employee is deceased, has advised the employer of the injury or death pursuant to s. 440.185(1) and the petition is filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment.
§ 440.19(1), Fla. Stat. (1997 and 2001). The next subsection of the statute allows for a one-year extension of this period based on the payment of any indemnity benefit or the furnishing of treatment pursuant to a notice of injury or petition for benefits (PFB). See § 440.19(2), Fla. Stat. (1997).
SRS last paid benefits pursuant to the 1999 notice of injury on August 11, 2000, which extended, for one year, the *205 time within which Claimant could file a PFB or obtain benefits pursuant to that notice of injury. See Orange County Sch. Bd. v. Best, 728 So.2d 1186, 1188 (Fla. 1st DCA 1999) (explaining section 440.19(2) extends rather than shortens limitation period described in section 440.19(1), and if PFB is timely under section 440.19(1) or section 440.19(2) there is no bar to compensation). Because Claimant did not file a PFB or otherwise obtain additional benefits pursuant to the notice of injury for the 1999 accident on or before August 11, 2001, the statute of limitations on the 1999 injury expired, extinguishing SRS’s liability to Claimant.
Under the facts of this case, the statute of limitations ran on the 1999 claim before the occurrence of the second accident of October 3, 2001. When Claimant reported the second accident in October 2001, she was appropriately advised by the Employer that the “time had lapsed” on her 1999 claim. The claim was then reported to Zenith as a new accident, and Zenith paid full benefits for the better part of seven years, pursuant to the 2001 notice of injury. It was only after the fact that Zenith developed testimony establishing that it was not in any way responsible for payment of any benefits after January 3, 2002.
In ordering SRS to pay $615,630.96 in contribution to Zenith, the JCC relied our decisions in Bell, 603 So.2d 683, and Ellis, 794 So.2d 710, and concluded that Zenith, by providing benefits that it should not have, “revived” the statute of limitations on the 1999 claim administered by SRS. The JCC’s reliance on Bell and Ellis was in error.
Neither Bell nor Ellis present issues of contribution between carriers. The holdings in both cases are premised on this court’s interpretation of now-repealed statutory language which allowed for the creation of a new statute of limitations upon each provision of benefits from the employer. See § 440.19(l)(a)-(b) Fla. Stat. (1990) (providing “a claim may be filed within 2 years after the date of the last payment of compensation or within 2 years after the date of the last remedial attention or rehabilitative services furnished by the employer ... ”). On January 1, 1994, the Legislature repealed the provisions interpreted in Bell and Ellis, and implemented significant substantive changes to the statute of limitations in workers’ compensation cases. See § 440.19(l)-(2), Fla. Stat. (1994). Because the holdings in Bell and Ellis are predicated on a reading of the “clear language” of statutes no longer in effect, the court is not bound by these decisions. See Bell, 603 So.2d at 685 (interpreting “clear language” of section 440.19(l)(a), Florida Statutes (1991)).
The post-1994 law creates a two-year statute of limitations (which begins to run on the date of injury). And the provision of benefits pursuant to a PFB or notice of injury, rather than creating an independent point of reference from whence a claim may be filed, only operates to “toll” or extend the initial statute of limitations. See § 440.19(1)-(2), Fla. Stat. (1994). Nothing in the 1994 statute suggests that, once the statute of limitations has expired (by operation of time or a failure to timely toll), it can be “revived” by the subsequent provision of benefits.* Rather, the statute envisions a potentially continuous extension (tolling) of the original statute of limitations predicated on the timely receipt of benefits pursuant to a PFB or notice of injury, or the filing of a *206 PFB. The Legislature’s use of the word “toll” (to extend or suspend) in section 440.19(2), Florida Statutes (1994) requires that there must be some viable period which is to be extended or prolonged. Thus, a tolling event occurring after the extinguishment of the right to file a PFB (by operation of time or a failure to timely extend) renders the tolling moot, because there is nothing viable to extend or suspend. Because here, the statute of limitations on Claimant’s 1999 claim expired by the time of the occurrence of the 2001 accident, Zenith could not revive the statute of limitations by merely providing benefits.
For the foregoing reasons, we REVERSE the order on appeal requiring SRS to pay contribution to Zenith.
BARFIELD and CLARK, JJ., and BROWNING, JR., EDWIN B., Senior Judge, concur.

 We are mindful that section 440.19(4), Florida Statutes (1997), allows for waiver and equitable tolling of the post-1994 statute of limitations. These provisions are not at issue in this case.