ROWE, J.,
concurring.
The majority properly resolves this case by applying the plain language of section 440.19(4), Florida Statutes, concluding that the employer/carrier waived the statute of limitations defense by failing to raise the defense in its initial response to the PFB at issue. As a consequence of the stringent pleading requirement imposed by the statute, an employer/carrier must remain ever vigilant to avoid the harsh results of failing to raise the statute of limitations each time it initially responds to a newly-filed PFB.
Workers’ compensation cases, by their very nature, involve multiple claims over an extended period of time. The claimant in this case sustained a compensable injury to her right shoulder on August 2, 2007.
The employer/carrier provided the claimant with indemnity and medical benefits related to the compensable injury. The employer/carrier made the last indemnity payment to the claimant on March 2, 2011, and last furnished the claimant with remedial care on April 28, 2011. It is undisputed that the claimant filed two PFB’s outside of the two-year limitations period. The employer/carrier raised a statute of limitations defense in its initial response to the first PFB, but failed to reference the statute of limitations in its initial response to the second PFB. Consequently, under the authority of section 440.19(4), the second PFB is not time-barred. See Certain v. Big Johnson Concrete Pumping, Inc., 34 So.3d 149,151 (Fla. 1st DCA 2010).
Previously, this Court has held that the limitations period under section 440.19, once expired, cannot be revived by the furnishing of remedial care. See Medpart-ners/Diagnostic Clinic Med. Group P.A. v. Zenith Ins. Co., 23 So.3d 202, 204 (Fla. 1st DCA 2009) (holding that use of word “toll” in section 440.19(2) requires that there must be some viable period to extend or prolong). The question here, however, is not one of reviving an expired limitations period as in Medpartners, but rather one of the right to maintain an otherwise viable statute of limitations defense that was not properly advanced in the initial response as required by statute. The plain language of section 440.19(4) provides that the limitations period is not a bar “unless the carrier advances the defense of a statute of limitations in its initial response to the [PFB].” (Emphasis added.)
The pleading requirement of section 440.19(4) is petition-specific. The result here is that the employer/carrier successfully raised a statute of limitations defense with regard to the first PFB filed by the claimant after the limitations period had *204 run, but based on failure to comply with the pleading requirement of section 440.19(4), the employer/carrier could not rely on the same defense with regal'd to a subsequently-filed PFB. The risk, of course, is that section 440.19 will cease to function as a true limitations period. Instead, a claimant whose PFB has been barred on statute of limitations grounds may continue to file PFB’s hopeful that an employer/carrier will let its guard down and fail to raise the defense in its initial response to every subsequently-filed PFB. Such “gotcha” tactics appear inconsistent with the concept of a self-executing system of workers’ compensation. The remedy, however, lies with the Legislature and not with this Court. *205 probate proceedings related to her deceased mother’s estate as result of fraud, misrepresentation, coercion, or overreaching, and thus overturning of agreement was unwarranted; daughter was ably represented by counsel experienced in probate law, who submitted for her review and correction several drafts of agreement over course of mediation, daughter was actively involved in negotiating provisions and conditions of agreement, which ultimately reflected her requests, and while at one point during day-long mediation, daughter might have asked if she could have taken agreement home over the weekend to review it, record showed only that, at end of day, she read and signed agreement without requesting additional time. West’s F.S.A. § 733.815.